KYLE NAVARRA, an Infant, by His Parents and Natural Guardians, DEBBIE NAVARRA and Another, et al., Appellants-Respondents, v FOUR WINDS HOSPITAL-WESTCHESTER, Respondent-Appellant. [943 NYS2d 563]—

In an action to recover damages for medical malpractice and negligent supervision, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), dated May 26, 2011, as granted that branch of the defendant's motion which was for summary judgment dismissing the causes of actions to recover damages

for medical malpractice, and the defendant cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the cause of action to recover damages for negligent supervision.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiffs commenced this action alleging, inter alia, that the defendant hospital's employees committed medical malpractice by failing to diagnose the infant plaintiff's staph infection. The defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing those causes of action by submitting an expert affirmation from Dr. Ellis Tobin, which established that the infant plaintiff was properly diagnosed by the defendant's employees. Moreover, the evidence submitted by the defendant established, prima facie, that any alleged negligence in failing to obtain the results of a throat culture test performed on the infant plaintiff was not the proximate cause of the infant plaintiff's injuries (see Stukas v Streiter, 83 AD3d 18 [2011]; Breland v Jamaica Hosp. Med. Ctr., 49 AD3d 789 [2008]; DiMitri v Monsouri, 302 AD2d 420 [2003]). The plaintiffs' submissions in opposition to that branch of the defendant's motion, including the conclusory affirmation of the plaintiffs' expert, were insufficient to raise a triable issue of fact (see Deutsch v Chaglassian, 71 AD3d 718 [2010]; Dunn v Khan, 62 AD3d 828 [2009]; DiMitri v Monsouri, 302 AD2d at 421). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the causes of action to recover damages for medical malpractice.

In addition, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for negligent supervision. The defendant failed to offer any evidence that an alleged attack on the infant plaintiff by another patient was not reasonably foreseeable (see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 252-253 [2002]; cf. Royston v Long Is. Med. Ctr., Inc., 81 AD3d 806, 807 [2011]; McCreary v St. Luke's-Roosevelt Hosp. Ctr., 80 AD3d 499, 500 [2011]). Accordingly, that branch of the defendant's motion was properly denied, regardless of the sufficiency of the plaintiffs' opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Skelos, J.P., Dickerson, Eng and Leventhal, JJ., concur. **[Prior Case History: 2011 NY Slip Op 31525(U).]**