In an action to recover damages for medical malpractice, lack of informed consent, and spoliation of evidence, the defendant North Shore University Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (O’Donoghue, J.), dated October 25, 2011, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendants Solaima Soukkary and Forest Hills 3Vtedical Services, EC., separately appeal, as limited by their brief, from so much of the same order as denied their motion, in effect, for summary judgment dismissing the first cause of action insofar as asserted against them.
Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendant North Shore University Hospital which were for summary judgment dismissing the second cause of action, sounding in lack of informed consent, and the third cause of action, sounding in spoliation of evidence, insofar as asserted against it, and substituting therefor provisions granting those branches of that *624 motion; as so modified, the order is affirmed, with one bill of costs payable to the plaintiff by the defendants Solaima Soukkary and Forest Hills Medical Services, EC.
In March 1999, Yelena Aronov (hereinafter the mother), while under the care of the defendants Solaima Soukkary and Forest Hills Medical Services, EC. (hereinafter together the Soukkary defendants), gave birth to the infant plaintiff at the defendant North Shore University Hospital (hereinafter NSUH). In January 2009, the mother commenced this action on the infant plaintiffs behalf, asserting causes of action to recover damages for medical malpractice, lack of informed consent, and spoliation of evidence. The Soukkary defendants moved, in effect, for summary judgment dismissing the first cause of action insofar as asserted against them, and NSUH separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied both motions.
“ ‘In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiffs injuries’ ” (DiGeronimo v Fuchs, 101 AD3d 933, 936 [2012], quoting Stukas v Streiter, 83 AD3d 18, 23 [2011]). “Accordingly, ‘[a] physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiffs injuries’ ” (DiGeronimo v Fuchs, 101 AD3d at 936, quoting Gillespie v New York Hosp. Queens, 96 AD3d 901, 902 [2012]). “ ‘Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met the prima facie burden’ ” (DiGeronimo v Fuchs, 101 AD3d at 936, quoting Gillespie v New York Hosp. Queens, 96 AD3d at 902; see Stukas v Streiter, 83 AD3d at 30). “ ‘Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions’ ” (DiGeronimo v Fuchs, 101 AD3d at 936, quoting Feinberg v Feit, 23 AD3d 517, 519 [2005]). “Such conflicting expert opinions will raise credibility issues which can only be resolved by a jury” (DiGeronimo v Fuchs, 101 AD3d at 936).
Here, the Soukkary defendants established, prima facie, that they did not depart from accepted community standards of practice through, inter alia, the affirmation of their obstetrical expert, Dr. James Howard. In opposition, however, the plaintiff raised a triable issue of fact on that issue.
*625 With regard to NSUH’s potential liability, “ ‘[i]n general, a hospital cannot be held vicariously liable for the negligence of a private attending physician’ ” (Corletta v Fischer, 101 AD3d 929, 930 [2012], quoting Martinez v La Porta, 50 AD3d 976, 977 [2008]; see Hill v St. Clare’s Hosp., 67 NY2d 72, 79 [1986]). “Further, a hospital ‘cannot be held concurrently liable with such a physician unless its employees commit independent acts of negligence or the attending physician’s orders are contraindicated by normal practice’ ” (Corletta v Fischer, 101 AD3d at 930, quoting Cerny v Williams, 32 AD3d 881, 883 [2006]; see Sela v Katz, 78 AD3d 681, 683 [2010]; Martinez v La Porta, 50 AD3d at 977).
Here, NSUH established, prima facie, that Soukkary was a private attending physician, and that its employees did not commit independent acts of negligence and Soukkary’s orders were not contraindicated by normal practice. However, in opposition, the plaintiff raised a triable issue of fact on that issue.
Further, neither the Soukkary defendants nor NSUH established, prima facie, that any alleged departure was not a proximate cause of the infant plaintiffs injuries. Therefore, the sufficiency of the plaintiffs opposition papers on that issue need not be addressed (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Caggiano v Cooling, 92 AD3d 634, 634 [2012]).
Accordingly, the Supreme Court properly denied the Soukkary defendants’ motion, in effect, for summary judgment dismissing the first cause of action, sounding in medical malpractice, insofar as asserted against them, and properly denied that branch of NSUH’s motion which was for summary judgment dismissing the first cause of action insofar as asserted against it.
NSUH made a prima facie showing of entitlement to judgment as a matter of law dismissing the second and third causes of action, sounding in lack of informed consent and spoliation of evidence, respectively, insofar as asserted against it, and the plaintiff, who did not respond to those branches of NSUH’s motion, failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted those branches of NSUH’s motion which were for summary judgment dismissing those causes of action insofar as asserted against it.
The appellants’ remaining contentions are without merit. Skelos, J.R, Balkin, Dickerson and Hinds-Radix, JJ., concur.