In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Glen Cove Hospital, doing business as North Shore University Hospital at Glen Cove, appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered August 16, 2012, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
On July 22, 2005, the plaintiffs husband, Henry Fink (hereinafter Fink), underwent knee surgery at the defendant Glen Cove Hospital, doing business as North Shore University Hospital at Glen Cove (hereafter the Hospital). The surgery was performed by Fink’s private attending physician, the defendant J. Simoncic. Following surgery, Simoncic placed Fink on antibiotics upon suspicion of infection based on his observations of the knee during surgery. During Fink’s stay at the Hospital, tests performed on him were negative for infection, and his antibiotic regimen was discontinued. However, upon discharging Fink from the Hospital to a rehabilitation facility, Simoncic ordered Hospital staff to give him a prescription for the antibiotic Levaquin, which Fink was to begin taking the following day. Eventually, Fink allegedly suffered severe complications consistent with taking Levaquin, which ultimately resulted in intestinal damage. Fink was transferred to the Extended Care Center of North Shore University Hospital, where he resided until his death.
Insofar as is pertinent to this appeal, Fink commenced this medical malpractice action prior to his death, seeking to hold the Hospital vicariously liable for Simoncic’s alleged malpractice in discharging him with an unnecessary prescription to take Levaquin, which ultimately resulted in his alleged intestinal injuries. The Supreme Court denied the Hospital’s motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. We affirm.
“ ‘In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiffs *896 injuries’ ” (DiGeronimo v Fuchs, 101 AD3d 933, 936 [2012], quoting Stukas v Streiter, 83 AD3d 18, 23 [2011]). Accordingly, “[a] physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiffs injuries” (Gillespie v New York Hosp. Queens, 96 AD3d 901, 902 [2012]). “Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met the prima facie burden” (id. at 902; see Stukas v Streiter, 83 AD3d at 30). “Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions” (Feinberg v Feit, 23 AD3d 517, 519 [2005]). “Such conflicting expert opinions will raise credibility issues which can only be resolved by a jury” (DiGeronimo v Fuchs, 101 AD3d at 936).
With regard to the Hospital’s potential liability, a hospital may not be held liable for injuries suffered by a patient who is under the care of a private attending physician chosen by the patient where the resident physicians and nurses employed by the hospital merely carry out the orders of the private attending physician, unless the hospital staff commits “independent acts of negligence or the attending physician’s orders are contraindicated by normal practice” (Cerny v Williams, 32 AD3d 881, 883 [2006]; see Cham v St. Mary’s Hosp. of Brooklyn, 72 AD3d 1003, 1004 [2010]).
Here, the Hospital established, prima facie, that Simoncic was a private attending physician, and that its employees did not commit independent acts of negligence and that Simoncic’s discharge order that Fink be given a prescription for Levaquin was not contraindicated by normal practice. However, in opposition, the plaintiff, through her opposing medical expert’s affirmation, raised a triable issue of fact as to whether the prescribing of Levaquin was contraindicated by normal practice (see Aronov v Soukkary, 104 AD3d 623, 625 [2013]).
Accordingly, the Supreme Court correctly denied the Hospital’s motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
Chambers, J.E, Austin, Maltese and Duffy, JJ., concur.