■ NILS R. BERTHEN, Individually, as Executor, and on Behalf of the Heirs and Distributees of EDITH V. BERTHEN, Deceased, Appellant, v JOHN PAUL BANIA, M.D., et al., Respondents. [994 NYS2d 359]—

In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered August 23, 2012, as, upon reargument, adhered to a prior determination in an order of the same court dated May 18, 2012, granting the motion of the defendant John Paul Bania for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order entered August 23, 2012, is affirmed insofar as appealed from, with costs.

To establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries (see Fink v DeAngelis, 117 AD3d 894, 895-896 [2014]; Stukas v Streiter, 83 AD3d 18, 23 [2011]). Accordingly, a physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries (see Fink v DeAngelis, 117 AD3d at 896; Aronov v Soukkary, 104 AD3d 623 [2013]; Gillespie v New York Hosp. Queens, 96 AD3d 901, 902 [2012]). Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met the prima facie burden (see Gillespie v New York

*Hosp. Queens*, 96 AD3d at 902; *Stukas v Streiter*, 83 AD3d at 30). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (*Feinberg v Feit*, 23 AD3d 517, 519 [2005]; *see Contreras v Adeyemi*, 102 AD3d 720 [2013]). "Such conflicting expert opinions will raise credibility issues which can only be resolved by a jury" (*DiGeronimo v Fuchs*, 101 AD3d 933, 936 [2012]; *see Fink v DeAngelis*, 117 AD3d at 896; *Contreras v Adeyemi*, 102 AD3d at 721).

The defendant John Paul Bania established his prima facie entitlement to judgment as a matter of law through the submission of his medical expert's affirmation, the decedent's medical records, and the transcripts of deposition testimony. Through this evidence, Bania established, prima facie, that he did not depart from the applicable standard of care and, in any event, that the alleged departures were not a proximate cause of the decedent's death (*see Navarra v Four Winds Hospital-Westchester*, 95 AD3d 850, 851 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert failed to address specific assertions made by Bania's expert concerning Bania's alleged departures from accepted medical practice (*see Ahmed v Pannone*, 116 AD3d 802, 806 [2014]; *Geffner v North Shore Univ. Hosp.*, 57 AD3d 839, 842 [2008]; *Thompson v Orner*, 36 AD3d 791, 792 [2007]), and failed to raise a triable issue of fact as to whether the alleged departures were a proximate cause of the decedent's death (*see Parrilla v Buccellato*, 95 AD3d 1091, 1093 [2012]; *Graziano v Cooling*, 79 AD3d 803, 805 [2010]).

Additionally, because the cause of action to recover damages for wrongful death was premised on Bania's alleged malpractice, the same conclusion applies to that cause of action. Consequently, the Supreme Court, upon reargument, properly adhered to its determination in the order dated May 18, 2012, granting Bania's motion for summary judgment dismissing the complaint insofar as asserted against him (*see Ahmed v Pannone*, 116 AD3d at 806). Mastro, J.P., Chambers, Austin and Sgroi, JJ., concur.