■ DOROTHY LETO, Respondent, v RANDY J. FELD et al., Appellants, et al., Defendants. [15 NYS3d 208]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Randy J. Feld, Carl S. Schreiber, and North Nassau Cardiology Associates, P.C., appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), dated April 16, 2013, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and (2) from a judgment of the same court dated July10, 2013, which, upon the order, is in favor of the defendant Michael B. Grieco and against the plaintiff dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the judgment is dismissed, without costs or disbursements, as the appellants are not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Randy J. Feld, Carl S. Schreiber, and North Nassau Cardiology Associates, P.C., which was for summary judgment dismissing the complaint insofar as asserted against the defendant Carl S. Schreiber, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On February 12, 2009, during a procedure to remove a cancerous mass in his colon, the plaintiff's husband (hereinafter the decedent) developed a slower than normal heart rate and low blood pressure, which caused him to go into cardiac arrest. Cardio-respiratory resuscitation ultimately proved unsuccessful. The decedent had a history of cardiovascular disease, beginning in 2001, when, at the age of 63, he underwent bypass surgery. The plaintiff commenced this action alleging, inter alia, negligent management of the decedent's care by Carl S. Schreiber, the decedent's treating cardiologist, and negligence on the part of Randy J. Feld, the cardiologist who performed a pre-surgical risk assessment, in clearing the decedent for surgery. The plaintiff also alleged that North Nassau Cardiology Associates, P.C. (hereinafter NNCA), is vicariously liable for the actions of Feld and Schreiber.

A physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure from accepted community standards of medical practice, or that any alleged departure was not a proximate cause of the plaintiff's injuries (*see Aronov v Soukkary*, 104 AD3d 623, 624 [2013]; *DiGeronimo v Fuchs*, 101 AD3d 933, 936 [2012]; *Gillespie v New York Hosp. Queens*, 96 AD3d 901, 902 [2012]). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Here, Feld, Schreiber, and NNCA (hereinafter collectively the appellants) established their prima facie entitlement to judgment as a matter of law on the issues of departure from accepted community standards of medical practice and proximate cause by submitting the affirmation of their expert, which demonstrated that neither Schreiber nor Feld had departed from standard practice, and that even if they had, any such departure would not have proximately caused the decedent's death.

In opposition, the plaintiff submitted an affirmation from a medical expert in which the expert stated that departures by Schreiber and Feld were substantial contributing factors in causing the decedent's death. However, the expert identified substantive issues that pertained only to omissions by Feld when providing the pre-operative risk assessment, and not to Schreiber's ongoing treatment of the decedent over the years. It is undisputed that Schreiber did not participate in the pre-operative risk assessment, and did not even learn about the

surgery until after the decedent's death. Moreover, the allegations of the plaintiff's expert as to Schreiber were conclusory and wholly unsupported by the evidence (*see* 68 NY2d at 325). Since the plaintiff failed to raise a triable issue of fact as to a departure by Schreiber, the Supreme Court erred in denying that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against Schreiber.

However, while the affirmation of the plaintiff's expert was insufficient to raise a triable issue of fact as to Schreiber, it did raise triable issues of fact as to Feld, who had a duty of care as a consultant to advise and make appropriate recommendations to the decedent's treating physician (*see Al Malki v Krieger*, 213 AD2d 331, 334 [1995]). The plaintiff's expert opined that Feld departed from the standard of care, inter alia, by failing to recommend the placement of a temporary or permanent pacemaker, and that such placement prior to surgery might have prevented the slow heart rate that led to the decedent's death. That the appellants' expert disagreed, opining that "such a prophylactic placement is not the standard of care in this type of patient," merely presented a credibility battle between the parties' experts, and "issues of credibility are properly left to a jury for its resolution" (*Barbuto v Winthrop Univ. Hosp.*, 305 AD2d 623, 624 [2003]; *see Wexelbaum v Jean*, 80 AD3d 756, 758 [2011]; *McKenzie v Clarke*, 77 AD3d 637, 638 [2010]; *Deutsch v Chaglassian*, 71 AD3d 718, 719 [2010]; *Shields v Baktidy*, 11 AD3d 671, 672 [2004]). Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against Feld. For the same reasons, the court properly denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against NNCA. Mastro, J.P., Austin, Roman and Sgroi, JJ., concur.