■ PABLO ESCOBAR, Appellant, v 271 MULBERRY STREET COMPANY, LLC, et al., Defendants, and 285 LAFAYETTE STREET CONDOMINIUM et al., Respondents. (And a Third-Party Action.) [47 NYS3d 19]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered June 17, 2015, which denied plaintiff's motion for partial summary judgment as to liability on his Labor Law § 240 (1) claim, unanimously affirmed, without costs.

The motion court should have considered plaintiff's untimely motion for partial summary judgment on liability under Labor Law § 240 (1), as the sudden death of plaintiff's counsel's mother constituted good cause for the seven-day delay in moving for summary judgment. Nonetheless, the motion must be denied on the merits. While plaintiff made a prima facie showing that his injuries were proximately caused by the failure of a safety device to afford him proper protection from an elevation-related risk, defendants-respondents have raised issues of fact as to whether plaintiff "had adequate safety devices available; that he knew both that they were available and that he was expected to use them; that he chose for no good reason not to do so; and that had he not made that choice he would not have been injured" (*Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 10 [1st Dept 2011], quoting *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]). Concur—Sweeny, J.P., Renwick, Mazzarelli, Manzanet-Daniels and Feinman, JJ.