Gullo v Bellhaven Ctr. for Geriatric & Rehabilitative Care, Inc. (2018 NY Slip Op 00279)





Gullo v Bellhaven Ctr. for Geriatric & Rehabilitative Care, Inc.


2018 NY Slip Op 00279


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2015-08197
 (Index No. 25986/09)

[*1]Lenny Gullo, et al., appellants, 
v
Bellhaven Center for Geriatric and Rehabilitative Care, Inc., etc., defendant, Mark Shapiro, etc., respondent. Joseph C. Stroble, Sayville, NY, for appellants.


Gabriele & Marano, LLP, Garden City, NY (Melissa Goldberg of counsel), for respondent.
Appeal from a judgment of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), entered July 1, 2015. The judgment, upon an order of that court dated May 15, 2015, is in favor of the defendant Mark Shapiro dismissing the amended complaint insofar as asserted against him.



DECISION & ORDER
The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the judgment is affirmed, with costs.
The plaintiff Lenny Gullo (hereinafter Gullo), and his wife and daughter suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice, alleging, among other things, that the defendant Mark Shapiro, an internist and Gullo's former primary care physician, failed to timely diagnose and treat Gullo for hepatitis C. Shapiro moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against him. The Supreme Court granted that branch of Shapiro's motion, and the plaintiffs appeal.
In order to impose liability upon a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries (see Bowe v Brooklyn United Methodist Church Home, 150 AD3d 1067, 1067; Berthen v Bania, 121 AD3d 732; Stukas v Streiter, 83 AD3d 18, 23). A defendant physician seeking summary judgment in a malpractice action bears the initial burden of establishing, prima facie, either that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries (see Berthen v Bania, 121 AD3d at 732; Swanson v Raju, 95 AD3d 1105, 1106). "In opposition, the plaintiff must demonstrate the existence of a triable issue of fact as to the elements on which the defendant has met his or her initial burden" (Bowe v Brooklyn United Methodist Church Home, 150 AD3d at 1068; see Feuer v Ng, 136 AD3d 704, 706).
Here, Shapiro established his prima facie entitlement to judgment as a matter of law by submitting an affirmation of his medical expert, who addressed the specific allegations of malpractice set forth in the plaintiffs' bills of particulars. The expert concluded that Shapiro did not [*2]depart from the applicable standard of care and that, in any event, the alleged departures were not a proximate cause of any alleged injuries. In opposition, the affidavit of the plaintiffs' expert did not raise a triable issue of fact. Where, as here, "a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion" (DiLorenzo v Zaso, 148 AD3d 1111, 1113 [internal quotation marks omitted]; see Tsimbler v Fell, 123 AD3d 1009, 1009-1010; Feuer v Ng, 136 AD3d at 707). The plaintiffs' expert failed to provide such foundation. Moreover, even assuming that the proper foundation had been laid, the expert's affidavit was insufficient to raise a triable issue of fact as to whether Shapiro's alleged departures from the standard of care proximately caused Gullo's alleged injuries. The affidavit was conclusory and speculative, and failed to address the specific assertions of Shapiro's expert (see Feuer v Ng, 136 AD3d at 707; Brinkley v Nassau Health Care Corp., 120 AD3d 1287, 1289-1290). Accordingly, the Supreme Court properly granted that branch of Shapiro's motion which was for summary judgment dismissing the amended complaint insofar as asserted against him.
Shapiro's remaining contentions are either not properly before this Court or without merit.
AUSTIN, J.P., SGROI, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court