Mauro v Ostrowski (2018 NY Slip Op 06523)





Mauro v Ostrowski


2018 NY Slip Op 06523


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-10458
 (Index No. 18931/13)

[*1]Michael A. Mauro, appellant, 
v
Roman M. Ostrowski, etc., et al., respondents, et al., defendants.


Michael A. Mauro, Long Island City, NY, appellant pro se.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated August 4, 2016. The order granted the separate motions of the defendants Roman M. Ostrowski and Janusz Plawner for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against, among others, the defendants Roman M. Ostrowski and Janusz Plawner (hereinafter together the defendants), alleging medical malpractice regarding treatment he received from the defendants in April 2011. The plaintiff alleged that, as a result of the defendants' medical malpractice, he sustained a perforation in his sigmoid colon, requiring surgical intervention.
Following discovery, the defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff opposed both motions, arguing that the motions were untimely, and that the defendants had failed to meet their prima facie burden. The Supreme Court granted the motions, concluding that the plaintiff had failed to rebut the defendants' prima facie showing of entitlement to judgment as a matter of law. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in determining that the death of the defendants' counsel's mother after the note of issue had been filed constituted good cause for the delay in moving for summary judgment (see Escobar v 271 Mulberry St. Co., LLC, 147 AD3d 473, 473; Matter of Gilmore, 131 AD3d 1058; Popalardo v Marino, 83 AD3d 1029, 1030; Castro v Homsun Corp., 34 AD3d 616).
As to the merits, the defendants established their prima facie entitlement to judgment as a matter of law by submitting expert affirmations which demonstrated that neither of them departed from good and accepted standards of medical practice in their treatment of the plaintiff, and that, in any event, any alleged departures were not a proximate cause of the plaintiff's injuries (see Gullo v Bellhaven Ctr. for Geriatric & Rehabilitative Care, Inc., 157 AD3d 773; Duvidovich v [*2]George, 122 AD3d 666; Roca v Perel, 51 AD3d 757). In opposition, rather than submitting expert medical opinion evidence addressing the specific assertions made by the defendants' experts (see Kerrins v South Nassau Communities Hosp., 148 AD3d 795; Berthen v Bania, 121 AD3d 732; Forrest v Tierney, 91 AD3d 707; Simms v North Shore Univ. Hosp., 192 AD2d 700), the plaintiff only argued that the defendants had failed to meet their initial burden. Therefore, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's granting of the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
MASTRO, J.P., DILLON, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court