B.G. v Cabbad (2019 NY Slip Op 03321)





B.G. v Cabbad


2019 NY Slip Op 03321


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-01412
2016-11089
 (Index No. 28565/11)

[*1]B.G., etc., et al., respondents,
v
Michael F. Cabbad, etc., et al., appellants.


Garson & Jakub, LLP, New York, NY (Susan M. McNamara and Michael Morris of counsel), for appellants Michael F. Cabbad and Michael F. Cabbad, M.D., PLLC.
Kaufman Borgeest & Ryan, LLP, Valhalla, NY (David A. Beatty, Jacqueline Mandell, and Rebecca Barrett of counsel), for appellant Brooklyn Hospital Center.
Yoeli Gottlieb & Etra LLP, New York, NY (Matthew E. Yoeli of counsel), for appellant Belen A. Fineza.
Oshman & Mirisola, LLP, New York, NY (David L. Kremen of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendants Michael F. Cabbad and Michael F. Cabbad, M.D., PLLC, appeal, the defendant Brooklyn Hospital Center separately appeals, and the defendant Belen A. Fineza separately appeals from an order of the Supreme Court, Kings County (Laura Lee Jacobson, J.), dated July 30, 2015, and the defendant Belen A. Fineza appeals from an order of the same court, dated August 4, 2016. The order dated July 30, 2015, insofar as appealed from, denied that branch of the motion of the defendants Michael F. Cabbad and Michael F. Cabbad, M.D., PLLC, which was for summary judgment dismissing the cause of action alleging medical malpractice based upon the defendant Michael F. Cabbad's alleged failure to deliver the infant plaintiff in a timely fashion, denied those branches of the separate motion of the defendant Brooklyn Hospital Center which were for summary judgment dismissing the causes of action alleging medical malpractice based upon the hospital staff's delay in reporting abnormal fetal heart monitoring tracings and vicarious liability against it for the actions of Belen A. Fineza, and denied the separate motion of the defendant Belen A. Fineza for summary judgment dismissing the complaint insofar as asserted against her. The order dated August 4, 2016, insofar as appealed from, upon reargument, adhered to the prior determination in the order dated July 30, 2015, denying the motion of the defendant Belen A. Fineza for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the appeal from so much of the order dated July 30, 2015, as denied the motion of the defendant Belen A. Fineza for summary judgment dismissing the complaint insofar as asserted against her is dismissed, as that portion of the order was superseded by the order dated [*2]August 4, 2016, made upon reargument; and it is further,
ORDERED that the order dated July 30, 2015, is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated August 4, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs payable by the defendants appearing separately and filing separate briefs.
The plaintiff B.G. (hereinafter the infant plaintiff), a twin, was born to the plaintiff Yovanka Dacosta (hereinafter the mother) on May 24, 2007, at 31 weeks. The defendant Michael F. Cabbad was the mother's private obstetrician who delivered the infant plaintiff at the defendant Brooklyn Hospital Center (hereinafter the Hospital). The defendant Belen A. Fineza was the pediatrician who cared for the infant plaintiff in the hospital.
The infant plaintiff, by her mother, and the mother individually, commenced an action alleging medical malpractice against Cabbad, Cabbad's PLLC (hereinafter together the Cabbad defendants), and the Hospital. The mother commenced a separate action on behalf of the infant plaintiff against Fineza alleging medical malpractice. The actions were later consolidated.
The Cabbad defendants, the Hospital, and Fineza separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated July 30, 2015, the Supreme Court, inter alia, denied that branch of the motion of the Cabbad defendants which was for summary judgment dismissing the cause of action alleging medical malpractice based upon Cabbad's alleged failure to deliver the infant plaintiff in a timely fashion, denied those branches of the Hospital's motion which were for summary judgment dismissing the plaintiffs' causes of action based upon its staff's alleged delay in reporting abnormal fetal heart monitoring tracings and for vicarious liability against it for the actions of Fineza, and denied Fineza's motion. Fineza moved for reargument. In an order dated August 4, 2016, upon reargument, the court adhered to the prior determination denying Fineza's motion.
A physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure from accepted community standards of medical practice, or that any alleged departure was not a proximate cause of the plaintiff's injuries (see Leto v Feld, 131 AD3d 590, 591; Aronov v Soukkary, 104 AD3d 623, 624). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Here, the Cabbad defendants, the Hospital, and Fineza (hereinafter collectively the appellants) each established their prima facie entitlement to judgment as a matter of law on the issues of departure from accepted community standards of medical practice and proximate cause by submitting the affirmations of their experts, which demonstrated that neither Cabbad, the Hospital's staff, nor Fineza had departed from standard medical practice, and that even if they had, any such departure would not have proximately caused the injuries to the infant plaintiff.
In opposition, the plaintiffs presented affirmations from two experts which raised triable issues of fact as to the liability of each of the appellants. The plaintiffs' experts opined that each of the appellants departed from the standard of care and contributed to the injuries of the infant plaintiff. That the experts disagreed "presented a credibility battle between the parties' experts, and issues of credibility are properly left to a jury for its resolution" (Barbuto v Winthrop Univ. Hosp., 305 AD2d 623, 624; see Leto v Feld, 131 AD3d at 591). Accordingly, we agree with the Supreme Court's denial of that branch of the motion of the Cabbad defendants which was for summary judgment dismissing the cause of action alleging that Cabbad failed to deliver the infant plaintiff in a timely fashion, those branches of the Hospital's motion which were for summary judgment [*3]dismissing the causes of action based upon its staff's alleged delay in reporting abnormal fetal heart monitoring tracings and for vicarious liability against it for the actions of Fineza, and Fineza's motion.
RIVERA, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court