■ ELIZABETH BROCCO, Individually and as Administratrix of the Estate of ALFRED BROCCO, Deceased, Appellant, v WESTCHESTER RADIOLOGICAL ASSOCIATES, P. C., et al., Respondents, et al., Defendant.—In an action, *inter alia,* to recover damages for medical malpractice, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered January 23, 1990, as granted that branch of the motion of the defendants Westchester Radiological Associates, P. C., and James O. Richardson which was for summary judgment dismissing the complaint as to alleged acts of malpractice in connection with radiological services performed by the defendant James O. Richardson in 1984 as being time-barred by the Statute of Limitations, and (2) from an order of the same court, entered March 30, 1990, which granted the renewed motion of the defendants Westchester Radiological Associates, P. C., and James O. Richardson for summary judgment dismissing the remaining causes of action asserted in the complaint insofar as they are asserted against them.

Ordered that the order entered January 23, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered March 30, 1990, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

Contrary to the plaintiff's contentions, her causes of action stemming from the alleged misinterpretation of the decedent's 1984 CAT scan study are time barred pursuant to CPLR 214-a, as the plaintiff commenced this action on April 7, 1988, well beyond the two-year and six-month Statute of Limitations.

Furthermore the continuous treatment doctrine may not be applied to the instant case to toll the Statute of Limitations *(see, McDermott v Torre,* 56 NY2d 399, 407; *see also, Coyne v Bersani,* 61 NY2d 939, 940). The record is barren of any proof in admissible form that the second CAT scan, performed in 1986 by the defendant Dr. Richardson, was a continuation of radiological treatment commenced in 1984 *(see, Nykorchuck v Henriques,* 78 NY2d 255; *Richardson v Orentreich,* 64 NY2d 896, 898-899). Indeed, in this case the record clearly establishes that each of the two CAT scans performed by Dr. Richardson was distinct and unrelated to any continuing treatment by him.

Further, the continuous treatment of a patient by an attending physician will not result in the extension of the Statute of Limitations as against an independent laboratory or a radiologist located in a hospital. Here, there is no evidence of an agency or other "relevant relationship" between Dr. Richardson and the decedent's attending physician Dr. DeAngelis or a "continuing" relationship between Dr. Richardson and the patient *(see, McDermott v Torre, supra,* at 403, 408; *see also, Meath v Mishrick,* 68 NY2d 992; *Evra v Hillcrest Gen. Hosp.,* 111 AD2d 740). Therefore, the continuous treatment doctrine is inapplicable.

We further find that the plaintiff has failed to raise a triable issue of fact as to whether the interpretation by the defendant Richardson of the 1986 CAT scan was not in accord with good and accepted radiological practice *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Indeed, in support of the motion the defense proffered affidavits of Dr. Richardson and another radiologist, both of whom opined that it was not a departure from accepted standards of radiological practice for the defendant Dr. Richardson, upon detection of a mediastinal mass, to report such findings to the decedent's attending physicians. Similarly, both affidavits further concluded that Dr. Richardson was not negligent for failing to diagnose the mass as a thymoma because a diagnosis could not be made based upon a CAT scan. In opposition to the motion, the plaintiff proffered the affidavits of a physician specializing in endocrinology who opined, *inter alia,* that the defendant radiologist had negligently failed to diagnose the decedent's condition in 1984. Aside from the fact that this physician was offering an opinion in an area outside of his specialty, his conclusion that Dr. Richardson breached a duty of care in 1984 cannot be utilized to sustain the plaintiff's cause of action predicated upon alleged acts of malpractice occurring

in 1986. Indeed, according to this affiant, at the time of the second CAT scan in October 1986, two other physicians had already accurately diagnosed the decedent's condition. Thus, even assuming that the defendant Richardson was negligent in his interpretation of the 1986 CAT scan, this negligence in 1986 was not a proximate cause of the decedent's illness or death; nor did it in any manner contribute thereto. Accordingly, as the plaintiff has failed to establish the existence of a triable issue of fact as to the liability of the defendants Westchester Radiological Associates, P. C., and Dr. Richardson, summary judgment was properly granted to them. Kunzeman, J. P., Rosenblatt, Miller and Ritter, JJ., concur.