KATHERYN FORD WILKINS, Appellant, v MONA KHOURY et al., Respondents. [900 NYS2d 347]—

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Nassau County (Martin, J.), entered January 9, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The requisite elements of proof in a medical malpractice action are a deviation or departure from good and accepted medical practice and that such departure was a proximate cause of the plaintiff's injuries (see *Rebozo v Wilen*, 41 AD3d 457, 458 [2007]). In support of that branch of the defendants' motion which was for summary judgment dismissing the first cause of action alleging medical malpractice, the defendants submitted an affidavit from a podiatry expert that was sufficient to establish, prima facie, that they did not depart from good and ac-

cepted standards of podiatric practice in their treatment of the plaintiff, and that any alleged departures did not proximately cause the plaintiff's injuries (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Rebozo v Wilen*, 41 AD3d at 458). Therefore, the defendants met their burden of establishing their entitlement to judgment as a matter of law. While the plaintiff, in opposition, raised a triable issue of fact as to whether the defendants departed from good and accepted podiatric practice by failing to diagnose her potentially gangrenous condition and failing to instruct her to go to a hospital immediately for intravenous antibiotic treatment, she failed to raise a triable issue of fact as to whether the defendants' conduct was a proximate cause of her injuries (*see Brocco v Westchester Radiological Assoc.*, 175 AD2d 903, 904-905 [1991]). The plaintiff's voluntary act of not going to the hospital for intravenous antibiotic treatment when she was instructed to do so by an orthopedic surgeon, who saw the plaintiff after she was treated by the defendants, was independent of and far removed from the defendants' conduct and, thus, was a superseding act which broke the causal nexus (*see Pierre v Lieber*, 37 AD3d 572 [2007]; *Brocco v Westchester Radiological Assoc.*, 175 AD2d at 904-905).

In support of that branch of the defendants' motion which was for summary judgment dismissing the second cause of action alleging lack of informed consent, the defendants established their entitlement to judgment as a matter of law. In light of the plaintiff's failure to raise a triable issue of fact as to proximate cause, the plaintiff cannot sustain a cause of action predicated on lack of informed consent (*see Thompson v Orner*, 36 AD3d 791, 792-793 [2007]; *Viola v Blanco*, 1 AD3d 506 [2003]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur.