■ NEIL BEZERMAN, Appellant, v SAM BAILINE et al., Respondents. [945 NYS2d 166]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated December 15, 2010, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On a motion for summary judgment dismissing the complaint in a medical malpractice action, a defendant must make a prima facie showing that there was no departure from good and accepted medical practice, or, if there was a departure, that the plaintiff was not injured thereby (*see Salvia v St. Catherine of*

*Sienna Med. Ctr.*, 84 AD3d 1053 [2011]; *Ahmed v New York City Health & Hosps. Corp.*, 84 AD3d 709, 710 [2011]; *Stukas v Streiter*, 83 AD3d 18, 24-26 [2011]). Once a defendant physician has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant . . . so as to demonstrate the existence of a triable issue of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Stukas v Streiter*, 83 AD3d at 24). General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat a defendant's motion for summary judgment (*see Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d at 1054; *Ahmed v New York City Health & Hosps. Corp.*, 84 AD3d at 711).

Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence establishing that there was no departure from good and accepted practice by the defendants and that, in any event, any departure was not a proximate cause of the alleged injuries (*see Stukas v Streiter*, 83 AD3d 18 [2011]; *Breland v Jamaica Hosp. Med. Ctr.*, 49 AD3d 789 [2008]; *DiMitri v Monsouri*, 302 AD2d 420 [2003]). In opposition to the defendants' prima facie showing, the plaintiff's submissions, including the affidavit of the plaintiff's expert, failed to raise a triable issue of fact as to whether any alleged departure was the proximate cause of the alleged injuries (*see Orsi v Haralabatos*, 89 AD3d 997 [2011], *lv granted* 18 NY3d 809 [2012]; *Graziano v Cooling*, 79 AD3d 803 [2010]; *Wilkins v Khoury*, 72 AD3d 1067 [2010]).

Moreover, in opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law dismissing the cause of action sounding in lack of informed consent, the plaintiff failed to raise a triable issue of fact. Thus, the defendants also were entitled to summary judgment dismissing that cause of action (*see Graziano v Cooling*, 79 AD3d 803 [2010]; *Wilkins v Khoury*, 72 AD3d 1067 [2010]; *Thompson v Orner*, 36 AD3d 791 [2007]; *Viola v Blanco*, 1 AD3d 506 [2003]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.