■ Marjorie J. Reilly et al., Respondents, v David Bryant Cohen, M.D., et al., Defendants, and Peconic Ear, Nose, Throat & Facial Plastic Surgery, P.C., et al., Appellants. [994 NYS2d 419]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Peconic Ear, Nose, Throat & Facial Plastic Surgery, P.C., Paul J. Davey, and Paul Davey, M.D., P.C., appeal from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated July 25, 2012, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them is granted.

" 'In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries' " (*DiGeronimo v Fuchs*, 101 AD3d 933, 936 [2012], quoting *Stukas v Streiter*, 83 AD3d 18, 23 [2011]). Accordingly, "[a] physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (*Gillespie v New York Hosp. Queens*, 96 AD3d 901, 902 [2012]). "Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met the prima facie burden" (*id.* at 902 [citation omitted]; *see Stukas v Streiter*, 83 AD3d at 30).

Here, the appellants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, an expert affirmation from a physician and an expert affidavit from a pharmacist both asserting that the prescription of the antibiotic Avelox by the defendant Paul J. Davey to the plaintiff Marjorie J. Reilly was in accordance with good and accepted standards of medical practice and that, in any event, any alleged departure was not a proximate cause of Reilly's injuries (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Peykarian v Yin Chu Chien*, 109 AD3d 806, 807 [2013]). In opposition, the plaintiffs' submissions, which included the affirmation of their expert, failed to raise a triable issue of fact as to whether any alleged departure was the proximate cause of Reilly's alleged injuries (*see Giambona v Hines*, 104 AD3d 807, 810 [2013]; *Bezerman v Bailine*, 95 AD3d 1153, 1154 [2012]). Dillon, J.P., Hall, Austin and Barros, JJ., concur.