■ IDA NIEDRA, Appellant, v MT. SINAI HOSPITAL et al., Defendants, and Sudhakar Prabhu et al., Respondents. [11 NYS3d 636]—

In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated June 3, 2013, as granted that branch of the motion of the defendants Peter Rouvelas, Bay Ridge Physician's Diagnostic Services, P.C., and Sudhakar Prabhu which was for summary judgment dismissing the complaint insofar as asserted against Sudhakar Prabhu.

Ordered that the order is affirmed insofar as appealed from, with costs.

From May 2004 through April 2006, Ojars Niedra (hereinafter the decedent) was treated by a cardiologist, the defendant Peter Rouvelas, who sent the decedent for a series of echocar-

diograms. Two of the echocardiograms were analyzed by the defendant Sudhakar Prabhu, an associate with the defendant Bay Ridge Physicians Diagnostic Services, P.C. (hereinafter Bay Ridge). On March 9, 2005, Prabhu reported that the decedent's echocardiogram indicated moderate to severe aortic stenosis and moderate aortic insufficiency. On September 20, 2005, Prabhu reported that the decedent's echocardiogram indicated severe aortic stenosis and mild aortic insufficiency. Rouvelas testified at his deposition that he discussed these findings with the decedent, but did not recommend aortic valve replacement at that time. On the decedent's final office visit with Rouvelas on April 10, 2006, Rouvlas recommended that the decedent undergo a transesophageal echocardiogram (hereinafter TEE), and discussed with him the possibility of undergoing aortic valve replacement, if that procedure was indicated by the TEE. The decedent declined the recommended procedure, since he was asymptomatic. In August 2006, the decedent was diagnosed with congestive heart failure, and underwent surgery to replace his aortic valve. Shortly after being discharged from the hospital, on August 26, 2006, the decedent died.

The plaintiff, as administrator of the decedent's estate, commenced this action to recover damages for medical malpractice and wrongful death against, among others, Rouvelas, Bay Ridge, and Prabhu. Rouvelas, Bay Ridge, and Prabhu moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against Prabhu. The plaintiff appeals from so much of the order as granted that branch of their motion.

"A defendant seeking summary judgment in a medical malpractice action bears the initial burden of establishing, prima facie, either that there was no departure from the applicable standard of care, or that any alleged departure did not proximately cause the plaintiff's injury" (*Michel v Long Is. Jewish Med. Ctr.*, 125 AD3d 945, 945 [2015]; *see Barrocales v New York Methodist Hosp.*, 122 AD3d 648, 649 [2014]; *Berthen v Bania*, 121 AD3d 732, 732 [2014]; *Trauring v Gendal*, 121 AD3d 1097, 1097 [2014]; *Stukas v Streiter*, 83 AD3d 18, 23 [2011]). "Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met the prima facie burden" (*Gillespie v New York Hosp. Queens*, 96 AD3d 901, 902 [2012] [citations omitted]).

Here, Rouvelas, Bay Ridge, and Prabhu established Prabhu's prima facie entitlement to judgment as a matter of law through the submission of the affidavit of their medical expert, the decedent's medical records, and the transcripts of deposition testimony. This evidence demonstrated that Prabhu accurately diagnosed the decedent's aortic stenosis and aortic insufficiency, and did not depart from the applicable standard of care, and that, in any event, any alleged departures were not a proximate cause of the decedent's death (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Berthen v Bania*, 121 AD3d at 733; *Trauring v Gendal*, 121 AD3d at 1098; *Stukas v Streiter*, 83 AD3d at 30-31).

In opposition, the affidavit of the plaintiff's expert failed to raise a triable issue of fact as to a departure by Prabhu from the applicable standard of care (*see Forrest v Tierney*, 91 AD3d 707, 709 [2012]; *Ahmed v Pannone*, 116 AD3d 802, 806 [2014]) Moreover, the plaintiff's expert failed to differentiate between the alleged acts and omissions of Prabhu and those of the other defendants (*see Ahmed v Pannone*, 116 AD3d at 806; *Parrilla v Buccellato*, 95 AD3d 1091, 1093 [2012]).

Accordingly, the Supreme Court properly granted that branch of the motion of Rouvelas, Bay Ridge, and Prabhu which was for summary judgment dismissing the complaint insofar as asserted against Prabhu. Rivera, J.P., Hall, Austin and LaSalle, JJ., concur.