▮ RICHARD KERRINS, Public Administrator for the Estates of KONSTANTINE PAPADOPOLOUS and Another, Deceased, Appellant, v SOUTH NASSAU COMMUNITIES HOSPITAL et al., Respondents, et al., Defendants. [48 NYS3d 734]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, (Cozzens Jr., J.), dated September 16, 2014, as granted the separate motions of the defendants South Nassau Communities Hospital and Monte Nussbaum which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In August 2002, the plaintiff's decedent, a 42-year-old man who suffered from multiple health issues, including renal failure and morbid obesity, underwent total left knee replacement surgery. The surgery was completed without issue. The decedent was monitored by nursing staff overnight and was, at all pertinent times, in stable condition. However, at 6:20 a.m. the next day, a nurse found him unresponsive, and he was declared dead shortly thereafter. The Medical Examiner determined the cause of death to be "hypertrophic cardiomyopathy" due to "hypertensive and arteriosclerotic cardiovascular disease."

The decedent's wife, individually and as administratrix of the decedent's estate, commenced this action to recover damages for medical malpractice, wrongful death, and loss of services against, among others, the defendant South Nassau Communities Hospital (hereinafter the hospital), where the surgery took place, and the defendant Monte Nussbaum, the decedent's primary care physician who had cleared the decedent for surgery. The decedent's wife died in 2006 and this action was stayed for several years. In 2011, upon receiving letters of temporary administration, the Public Administrator was substituted as the plaintiff. In 2014, all of the defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted each of their motions. The plaintiff appeals, as limited by his brief, from so much of the order as granted the separate motions of the hospital and Nussbaum.

"In order to establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries" (*Leavy v Merriam*, 133 AD3d 636, 637 [2015]; *see Reilly v Cohen*, 121 AD3d 961, 962 [2014]; *Stukas v Streiter*, 83 AD3d 18, 23 [2011]). "On a motion for summary judgment, a defendant has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Leavy v Merriam*, 133 AD3d at 637; *see Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d 1053, 1053-1054 [2011]). "In response, the plaintiff need only raise a triable issue of fact regarding 'the element or elements on which the defendant has made its prima facie showing' " (*McCarthy v Northern Westchester Hosp.*, 139 AD3d 825, 826 [2016], quoting *Mitchell v Grace Plaza of Great Neck, Inc.*, 115 AD3d 819, 819 [2014]). "General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat a defendant's motion for summary judgment" (*Bezerman v Bailine*, 95 AD3d 1153, 1154 [2012]).

Here, the hospital and Nussbaum each established their prima facie entitlement to judgment as a matter of law by submitting expert affirmations which demonstrated that neither departed from the accepted standard of care in their respective treatment of the plaintiff (*see Leto v Feld*, 131 AD3d 590, 591 [2015]; *Matos v Khan*, 119 AD3d 909, 910 [2014]; *Poter v Adams*, 104 AD3d 925, 926 [2013]; *Shields v Kleiner*, 93 AD3d 710, 712 [2012]). Specifically, Nussbaum submitted the affirmation of an expert who opined that, based on the results of presurgical tests that the decedent underwent shortly before the surgery, Nussbaum appropriately provided medical clearance for the decedent to undergo the left knee replacement procedure. The hospital submitted an affirmation of an expert which established that the hospital's employees did not depart from the applicable standards of care in treating the decedent, prescribing postoperative pain medication, and monitoring his condition after surgery. In opposition, the plaintiff failed to raise a triable issue of fact as to a departure from the applicable standard of care by either the hospital or Nussbaum. The affirmation of the plaintiff's expert failed to address specific assertions made by the hospital's and Nussbaum's experts, and was otherwise conclusory, speculative, and unsupported by the evidence (*see Berthen v Bania*, 121 AD3d 732, 733 [2014]; *Ahmed v Pannone*, 116 AD3d 802, 806 [2014]; *Rivers v Birnbaum*, 102 AD3d 26, 44 [2012]; *Forrest v Tierney*, 91 AD3d 707,

709 [2012]). Accordingly, the Supreme Court properly granted the separate motions of the hospital and Nussbaum for summary judgment dismissing the complaint insofar as asserted against each of them. Hall, J.P., Miller, Connolly and Brathwaite Nelson, JJ., concur.