■ AUDREY BOWE, Individually and as Administrator of the Estate of FATIMAH BOWE, Deceased, Plaintiff, v BROOKLYN UNITED METHODIST CHURCH HOME et al., Defendants, and WYCKOFF HEIGHTS MEDICAL CENTER, Defendant/Third-Party Plaintiff-Appellant. SYED A. HUSAIN, M.D., Third-Party Defendant-Respondent. [56 NYS3d 180]—

In an action, inter alia, to recover damages for medical malpractice, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated January 12, 2015, which granted the third-party defendant's motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent was a resident of the defendant Brooklyn United Methodist Church Home and, on several occasions prior to her death on April 2, 2008, was admitted to the defendant third-party plaintiff Wyckoff Heights Medical Center (hereinafter Wyckoff) for medical treatment. The plaintiff commenced this action, alleging, among other things, that the defendants failed to properly prevent and treat pressure ulcers that developed while the decedent was admitted to Wyckoff. Wyckoff commenced a third-party action seeking indemnification and contribution from the third-party defendant, Syed A. Husain, who was the decedent's primary and admitting physician. Husain moved for summary judgment dismissing the third-party complaint, and the Supreme Court granted the motion. Wyckoff appeals.

"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice,

and that such departure was a proximate cause of the plaintiff's injuries" (*Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *see Swanson v Raju*, 95 AD3d 1105, 1106 [2012]; *Heller v Weinberg*, 77 AD3d 622 [2010]). A defendant physician seeking summary judgment in a malpractice action bears the initial burden of establishing, prima facie, either that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries (*see Duvidovich v George*, 122 AD3d 666, 666 [2014]; *Swanson v Raju*, 95 AD3d at 1106; *Stukas v Streiter*, 83 AD3d at 24). In opposition, the plaintiff must demonstrate the existence of a triable issue of fact as to the elements on which the defendant has met his or her initial burden (*see Swanson v Raju*, 95 AD3d at 1106; *Stukas v Streiter*, 83 AD3d at 24). "General allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat defendant physician's summary judgment motion" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *see Duvidovich v George*, 122 AD3d at 666-667).

Here, in support of his motion for summary judgment dismissing the third-party complaint, Husain submitted, inter alia, an expert affirmation that established, prima facie, that he did not depart from good and accepted standards of medical practice in his treatment of the decedent, and that, in any event, any alleged departure was not a proximate cause of the decedent's injuries or her eventual death. In opposition, Wyckoff failed to raise a triable issue of fact. Contrary to Wyckoff's contention, its medical expert's affirmation submitted in opposition was conclusory, speculative, and without basis in the record with regard to the issue of Husain's departure from good and accepted standards of medical practice, and, in any event, failed to raise a triable issue of fact with regard to whether any alleged departure was a proximate cause of the decedent's injuries or eventual death (*see Duvidovich v George*, 122 AD3d 666 [2014]; *Berthen v Bania*, 121 AD3d 732 [2014]; *Ramsay v Good Samaritan Hosp.*, 24 AD3d 645 [2005]).

Wyckoff's remaining contention is without merit.

Accordingly, the Supreme Court properly granted Husain's motion for summary judgment dismissing the third-party complaint. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.