Appeal from an order of the Supreme Court, Queens County (Peter J. O’Donoghue, J.), dated July 28, 2015. The order, insofar as appealed from, granted that branch of the motion of the defendants Lenox Hill Hospital and Parswa Ansari which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 In April 2010, the plaintiff’s decedent, a 65-year-old woman who had a complicated medical history involving serious cardiovascular issues, underwent surgery to repair two aortic aneurysms in her abdomen. After the surgery, blood circulation issues arose in the decedent’s bowel and, over the next two months, she underwent seven follow-up surgeries. The decedent’s condition deteriorated over the course of the hospitalization, and she died on July 10, 2010.
 

 The plaintiff commenced this action, inter alia, to recover damages for medical malpractice against, among others, the defendant Lenox Hill Hospital (hereinafter the hospital), where the decedent received the treatment at issue, and the defendant Parswa Ansari, one of the colorectal surgeons who treated the decedent. After discovery, the hospital and Ansari (hereinafter together the defendants) moved, inter alia, for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them. The Supreme Court granted that branch of the defendants’ motion, and the plaintiff appeals.
 

 “ ‘In order to establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff’s injuries’ ” (Kerrins v South Nassau Communities Hosp., 148 AD3d 795, 796 [2017], quoting Leavy v Merriam, 133 AD3d 636, 637 [2015]; see Donnelly v Parikh, 150 AD3d 820, 822 [2017]; Reilly v Cohen, 121 AD3d 961, 962 [2014]; Berthen v Bania, 121 AD3d 732, 733 [2014]; Stukas v Streiter, 83 AD3d 18, 23 [2011]). “On a motion for summary judgment, a defendant has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby” (Leavy v Merriam, 133 AD3d at 637; see Bowe v Brooklyn United Methodist Church Home, 150 AD3d 1067, 1068 [2017]; Whitnum v Plastic & Reconstructive Surgery, P.C., 142 AD3d 495, 497 [2016]; Aronov v Soukkary, 104 AD3d 623, 624 [2013]). “In opposition, the plaintiff must demonstrate the existence of a triable issue of fact as to the elements on which the defendant has met his or her initial burden” (Bowe v Brooklyn United Methodist Church Home, 150 AD3d at 1068; see Leto v Feld, 131 AD3d 590, 591 [2015]; Matos v Khan, 119 AD3d 909, 910 [2014]; Stukas v Streiter, 83 AD3d at 24). “ ‘General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat a defendant’s motion for summary judgment’ ” (Kerrins v South Nassau Communities Hosp., 148 AD3d at 796, quoting Bezerman v Bailine, 95 AD3d 1153, 1154 [2012]; see Spiegel v Beth Israel Med. Ctr.-Kings Hwy. Div., 149 AD3d 1127, 1128 [2017]).
 

 Here, the defendants established their prima facie entitlement to judgment as a matter of law through the submission of an affirmation by an expert in colorectal surgery, the decedent’s hospital chart, and the transcripts of deposition testimony. Through this evidence, the defendants established, prima facie, that they did not depart from the applicable standard of care and, in any event, that any alleged departures were not a proximate cause of the decedent’s death (see Bowe v Brooklyn United Methodist Church Home, 150 AD3d at 1068; Whitnum v Plastic & Reconstructive Surgery, P.C., 142 AD3d at 497; Leto v Feld, 131 AD3d at 591; Matos v Khan, 119 AD3d at 910; Aronov v Soukkary, 104 AD3d at 624; Bezerman v Bailine, 95 AD3d at 1154). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff’s expert failed to address specific assertions made by the defendants’ expert concerning their alleged departures from accepted medical practice, and was otherwise conclusory, speculative, and unsupported by the evidence (see Bowe v Brooklyn United Methodist Church Home, 150 AD3d at 1068; Kerrins v South Nassau Communities Hosp., 148 AD3d at 796-797; Niedra v Mt. Sinai Hosp., 129 AD3d 801, 803 [2015]; Ahmed v Pannone, 116 AD3d 802, 806 [2014]). In any event, the plaintiff’s expert failed to raise a triable issue of fact as to whether the alleged departures were a proximate cause of the decedent’s death (see Spiegel v Beth Israel Med. Ctr.-Kings Hwy. Div., 149 AD3d at 1128; Berthen v Bania, 121 AD3d at 733; Bezerman v Bailine, 95 AD3d at 1154). Accordingly, the Supreme Court properly granted that branch of the defendants’ motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them.
 

 In light of our determination, the plaintiff’s remaining contention need not be reached.
 

 Balkin, J.P., Maltese, Barros and Connolly, JJ., concur.