Wagner v Parker (2019 NY Slip Op 03650)





Wagner v Parker


2019 NY Slip Op 03650


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-13202
 (Index No. 600123/15)

[*1]Carol Wagner, appellant, 
v
Richard Parker, etc., et al., defendants, Andrew Fan, etc., et al., respondents.


Krentsel & Guzman, LLP, New York, NY (Steven E. Krentsel and Julie T. Mark of counsel), for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Steven Widom of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered October 12, 2017. The order granted the motion of the defendants Andrew Fan and NYU Langone Medical Center for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against, among others, the defendants Andrew Fan and NYU Langone Medical Center (hereinafter together the defendants), to recover damages for medical malpractice. The plaintiff alleged, among other things, that Fan was negligent because he failed to timely diagnose and treat her pneumonia despite her symptoms which caused her condition to worsen, and that Fan is associated with the defendant NYU Langone Medical Center (hereinafter NYU) such that NYU is vicariously liable for the actions of Fan.
Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff opposed the motion. The Supreme Court granted the motion, and the plaintiff appeals.
"To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care at the facility where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach was the proximate cause of the injury" (Elliot v Long Is. Home, Ltd., 12 AD3d 481, 482). Thus, "a defendant moving for summary judgment must make a prima facie showing either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the patient's injuries" (Matos v Khan, 119 AD3d 909, 910; see Makinen v Torelli, 106 AD3d 782, 783-784). "To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Terranova v Finklea, 45 AD3d 572, 572; see Ward v Engel, 33 AD3d 790, 791). Once a defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant's showing, but only as to those elements on which the defendant met the prima facie burden (see Poter v Adams, 104 AD3d 925, 926; Stukas v Streiter, 83 AD3d 18, 23-[*2]24).
Although conflicting expert opinions may raise credibility issues which can only be resolved by a jury (see Feinberg v Feit, 23 AD3d 517, 519), expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact (see Bowe v Brooklyn United Methodist Church Home, 150 AD3d 1067, 1068; Kerrins v South Nassau Communities Hosp., 148 AD3d 795, 796). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record'" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996, quoting Roca v Perel, 51 AD3d 757, 759). "An expert opinion that is contradicted by the record cannot defeat summary judgment" (Bartolacci-Meir v Sassoon, 149 AD3d 567, 572).
We agree with the Supreme Court's determination that the defendants made a prima facie showing of entitlement to judgment as a matter of law through the affidavit of their expert, who averred that based upon his review of the medical records, Fan's treatment of the plaintiff was within the appropriate standard of medical care. In opposition, the plaintiff failed to raise a triable issue of fact. The expert affidavit proffered by the plaintiff relied upon facts that were not supported by the record and, thus, was speculative and conclusory and insufficient to defeat the defendants' motion for summary judgment (see Kane v Ausubel, 44 AD3d 717, 717; see Dasent v Schechter, 95 AD3d 693, 693). In light of our determination that the defendants showed that Fan did not breach the appropriate standard of care in his treatment of the plaintiff, we need not reach the issue of vicarious liability on the part of NYU. Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court