Lyakhovich v Vernov (2020 NY Slip Op 03653)





Lyakhovich v Vernov


2020 NY Slip Op 03653


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-12270
 (Index No. 6173/11)

[*1]Ely Lyakhovich, etc., et al., appellants,
v
Alexander Vernov, etc., et al., respondents, et al., defendant.


Mark M. Basichas & Associates, P.C., New York, NY (Aleksey Feygin of counsel), for appellants.
Koster, Brady & Nagler, LLP, New York, NY (Jason J. Lavery of counsel), for respondent Alexander Vernov.
Yoeli Gottlieb & Etra LLP, New York, NY (Michael L. Burke of counsel), for respondents Hector Vasquez, Robert Vaiselberg, and Maimonides Medical Center.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated October 5, 2016. The order granted the separate motions of the defendants Alexander Vernov, as executor of the estate of Sima Vernov, and the defendants Hector Vasquez, Robert Vaiselberg, and Maimonides Medical Center for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
This case involves the treatment of the then 14-year-old infant plaintiff for an infection. The infant plaintiff was first treated by an internist, Sima Vernov, from November 9, 2008, until November 15, 2008. Thereafter, the infant plaintiff was treated by the defendants Hector Vasquez, Robert Vaiselberg, and Maimonides Medical Center (hereinafter collectively the hospital defendants) on November 16, 2008, for an infection. The infant plaintiff's infection resulted in subacute bacterial endocarditis, which required surgery to preserve the mitral valve function. The plaintiffs claim that this condition should have been diagnosed with an echocardiogram, which was not performed until November 19, 2008.
Vernov's medical records indicated that the infant plaintiff saw her on November 9, 2008, when zithromax was prescribed. Thereafter, the infant plaintiff saw Vernov on November 10, 2008, and on November 14, 2008, when his condition appeared to be improving. On November 15, the infant plaintiff's mother spoke on the phone with Vernov, the mother told Vernov that the infant plaintiff had a fever and that she "recalled dental work," and Vernov advised the mother that the infant plaintiff should go to the emergency room.
Vernov's expert, after examining Vernov's medical records, opined, to a reasonable degree of medical certainty, that Vernov did not depart from good and accepted standards of care. He noted that endocarditis is an inflammation of the inner layer of the heart which is rare in children, and when found in children, is usually found when there are preexisting heart problems. The infant plaintiff did not have preexisting heart problems.
The infant plaintiff went to the emergency room of Maimonides Medical Center on November 16, 2008. Blood was taken for blood cultures. The hospital defendants' expert opined that Vasquez acted properly when he examined the infant plaintiff and ordered appropriate tests. In the expert's opinion, although "endocarditis is part of the differential diagnosis in every patient with a fever" and a dental procedure may increase the risk of a bacterial infection, to a reasonable degree of medical certainty, there was no reasonable basis to strongly suspect endocarditis and no need for a cardiology consult or echocardiogram, as the infant plaintiff had no cardiac complaints.
A second expert for the hospital defendants stated that on November 16, 2008, the infant plaintiff exhibited none of the symptoms of endocarditis. The results of the blood cultures revealed a bacterial blood infection called bacteremia. When those results were received, Vaiselberg, who worked in the emergency department, called the infant plaintiff to instruct him to return to the emergency room. The infant plaintiff returned on November 18, 2008, and endocarditis was diagnosed after an echocardiogram on November 19, 2008. However, in the opinion of the hospital defendants' second expert, vegetation discovered on the mitral valve on November 19, 2008, was also present on November 16, 2008, because it takes more than 72 hours for vegetation to establish itself on a heart valve. The bacteria involved was haemophius, an aggressive and virulent bacteria which, to a reasonable degree of medical certainty, would not have responded to antibiotics alone. Therefore, surgery would have been required even if targeted antibiotics were used on November 16, 2008.
In opposition, the plaintiffs submitted the affirmation of a pediatrician who stated that a chest X ray taken on November 10, 2008, ruled out pneumonia and, therefore, "it was incumbent upon Vernov to look for other sources of infection." The plaintiffs' expert further opined that the fact that the infant plaintiff had not been vaccinated should have caused an "increased . . . level of suspicion" that the infant plaintiff was suffering from endocarditis, requiring his doctors to rule out that condition.
The plaintiffs also submitted the opinion of a second expert, board-certified in internal medicine and cardiovascular disease. The plaintiffs' second expert opined that in view of a prior dental procedure performed on the infant plaintiff, Vernov should have ordered an echocardiogram and blood cultures to rule out endocarditis. In the expert's opinion, if a diagnosis of endocarditis had been made on November 14, 2008, or November 15, 2008, a regime of antibiotics could have alleviated the necessity of open heart surgery. The expert further opined that when the infant plaintiff went to the emergency room on November 16, 2008, an echocardiogram should have been performed. Instead, the diagnosis was delayed until antibiotics were no longer sufficient to eradicate the infection.
In reply, Vernov's expert stated that the infant plaintiff's symptoms were consistent with many infectious diseases and inflammatory processes, and "it is not within the standard of care to rule out each of these infectious diseases or inflammatory processes after a few days absent more specific symptoms."
The Supreme Court, in the order appealed from, granted the separate motions of the executor of Vernov's estate and the hospital defendants for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that Vernov and the hospital defendants established their prima facie entitlement to judgment as a matter of law, and in opposition, the opinion that there were special standards of care for treating infectious diseases in unvaccinated children were "mere speculation and conclusory." The court noted that there was evidence that endocarditis was rare in children, especially in children without preexisting heart problems, and it was acknowledged that the infant plaintiff's symptoms were "consistent with a [*2]myriad of other conditions." We affirm.
A defendant in a medical malpractice action must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby. In opposition, " a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact'" (Sukas v Streiter, 83 AD3d 18, 24, quoting Deutsch v Chaglassian, 71 AD3d 718, 719).
Contrary to the plaintiffs' contention, Vernov and the hospital defendants established their prima facie entitlement to judgment as a matter of law.
The gravamen of the plaintiffs' claims are that (1) the infant plaintiff was suffering from an infection the site of which remained unknown for approximately 10 days, (2) the infection could have been endocarditis, and (3) therefore, endocarditis should have been ruled out with an echocardiogram and blood culture as early as November 10, 2008—after one day of treatment. However, there is no basis in this record to conclude that the infant plaintiff's doctors were required to rule out all sources of infection when presented with what appeared to be a respiratory infection.
Further, contrary to the plaintiffs' contention, they failed to raise a triable issue of fact with respect to Vernov or the hospital defendants. As noted by the Supreme Court, the plaintiffs' contention that endocarditis was somehow related to the fact that the infant plaintiff had not been vaccinated was conclusory and speculative, and therefore insufficient to defeat the motions for summary judgment (see Keun Young Kim v Lenox Hill Hosp., 156 AD3d 774, 775). The bacteria causing the infection was haemophius, an aggressive and virulent bacteria which, in the opinion of an expert for the hospital defendants, would not have responded to antibiotics alone, requiring surgery even if targeted antibiotics were used on November 16, 2008. The plaintiffs' experts failed to address this assertion that the failure to perform an echocardiogram on November 16, 2008, was not the proximate cause of any injury, and therefore failed to raise a triable issue of fact (see Zavala v Zizzo, 172 AD3d 793, 794).
The plaintiffs' remaining contentions are without merit.
In view of the foregoing, the order appealed from should be affirmed.
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court