Choida v Schirripa (2020 NY Slip Op 06742)





Choida v Schirripa


2020 NY Slip Op 06742


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-03091
 (Index No. 18452/06)

[*1]Marilyn Choida, etc., appellant,
v
Anthony Schirripa, etc., et al., defendants, Nirupama Parikh, etc., et al., respondents.


Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Courtney F. Kane of counsel), for respondents Ravindra B. Kodali and Staten Island University Hospital.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Michelle Weston, J.), dated February 19, 2019. The judgment, insofar as appealed from, upon an order of the same court dated July 6, 2018, inter alia, granting that branch of the motion of the defendants Ravindra B. Kodali and Staten Island University Hospital, made jointly with the defendants Anthony Schirripa, Dr. Anthony Schirripa, M.D., P.C., Staten Island Emergency Physicians, P.C., Connie Eun Chung, Nirupama Parikh, Charles G. Zaroulis, Srinivasa R. Edara, Emad Kamel, and Pascal Y. Karam, which was for summary judgment dismissing the complaint insofar as asserted against the defendants Ravindra B. Kodali and Staten Island University Hospital, is in favor of the defendants Ravindra B. Kodali and Staten Island University Hospital and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In June 2006, the plaintiff commenced this action, as administratrix of the decedent's estate, to recover damages for medical malpractice against, among others, the defendants Staten Island University Hospital and Ravindra B. Kodali (hereinafter together the Kodali defendants). The Kodali defendants moved jointly with the defendants Anthony Schirripa, Dr. Anthony Schirripa, M.D., P.C., Staten Island Emergency Physicians, P.C., Connie Eun Chung, Nirupama Parikh, Charles G. Zaroulis, Srinivasa R. Edara, Emad Kamel, and Pascal Y. Karam (hereinafter collectively with the Kodali defendants, the hospital defendants), inter alia, for summary judgment dismissing the complaint insofar as asserted against the Kodali defendants, and the plaintiff opposed their motion. In an order dated July 6, 2018, the Supreme Court, among other things, granted that branch of the hospital defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Kodali defendants. A judgment dated February 19, 2019, was entered in favor of the Kodali defendants, dismissing the complaint insofar as asserted against them. The plaintiff appeals.
"'Medical malpractice actions require proof that the defendant physician deviated or departed from the accepted community standards of practice, and that such deviation . . . was a proximate cause of the plaintiff's injuries'" (Dixon v Chang, 163 AD3d 525, 526, quoting Bongiovanni v Cavagnuolo, 138 AD3d 12, 15). Thus, in moving for summary judgment dismissing a complaint alleging medical malpractice, a defendant "must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (Matthis v Hall, 173 AD3d 1162, 1163 [internal quotation marks omitted]). "If such a showing has been made, 'a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact'" (Noble v Kingsbrook Jewish Med. Ctr., 168 AD3d 1077, 1079, quoting Deutsch v Chaglassian, 71 AD3d 718, 719; see Alvarez v Prospect Hosp., 68 NY2d 320, 325). "Although conflicting expert opinions may raise credibility issues which can only be resolved by a jury, expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Wagner v Parker, 172 AD3d 954, 955 [citation omitted]). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996 [internal quotation marks omitted]; see Wagner v Parker, 172 AD3d 954, 955). "An expert opinion that is contradicted by the record cannot defeat summary judgment" (Wagner v Parker, 172 AD3d at 955; see Lowe v Japal, 170 AD3d 701, 702).
Here, the Kodali defendants demonstrated their prima facie entitlement to judgment as a matter of law through their submission of expert affirmations which established that they did not depart from accepted medical practice, and that, in any event, any alleged departure was not a proximate cause of the decedent's injuries or death (see Matthis v Hall, 173 AD3d 1162, 1164; Wagner v Parker, 172 AD3d 954; Prunty v Pastula, 171 AD3d 1110, 1111-1112; Kerrins v South Nassau Communities Hosp., 148 AD3d 795, 796). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert failed to address specific assertions made by the Kodali defendants' experts, and was otherwise conclusory and unsupported by the evidence (see Matthis v Hall, 173 AD3d at 1164; Wagner v Parker, 172 AD3d 954; Prunty v Pastula, 171 AD3d 1110, 1111-1112; Kerrins v South Nassau Communities Hosp., 148 AD3d 795, 796).
Accordingly, we agree with the Supreme Court's determination granting that branch of the hospital defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Kodali defendants.
DILLON, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court