**Prizzi v Lee**

2023 NY Slip Op 34573(U)

December 18, 2023

Supreme Court, Kings County

Docket Number: Index No. 510688/2017

Judge: Ellen M. Spodek

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 63 of the Supreme
Court of the State of New York, held in
and for the County of Kings, at the
Courthouse, at 360 Adams Street,
Brooklyn, New York, on the 18ᵗʰ day of
December 2023

PRESENT:

HON. ELLEN M. SPODEK, Justice

----------------------------------------X

ROBERT PRIZZI,

                Plaintiff,

    -against-

ALLEN L. LEE, ALLEN L.LEE, MD, P.C., BIM
MEDICAL INC. d/b/a SHIEL MEDICAL LABORATORY,
INC., BIM MEDICAL INC. d/b/a SHIEL
LABORATORY, INC., and
MAIMONIDES MEDICAL CENTER,

                Defendants.

-----------------------------------------X

**AMENDED
DECISION AND ORDER**

Index No.: 510688/2017

MS#5

| Papers | Numbered |
|---|---|
| Notice of Motion ................................................................ | 1 |
| Affirmation in Opposition...................................................... | 2 |
| Affirmation in Reply .......................................................... | 3 |

Defendant, SHIEL HOLDINGS, LLC i/s/h/a BIM MEDICAL, INC. d/b/a SHIEL

MEDICAL LABORATORY, INC. and BIM MEDICAL, INC. d/b/a SHIEL LABORATORY,

INC. ("Shiel"), move pursuant to CPLR 3212 for Summary Judgment. Plaintiff ROBERT PRIZZI

did not oppose this motion. Co-Defendants ALLEN L LEE and ALLEN L. LEE, MD, P.C. ("Dr.

Lee"), opposed the motion.

On or around December 5th, 2014, Plaintiff discovered a lump on his scrotum while in the shower which eventually burst, causing a painful and inflamed rash. In response, on December 8th, Plaintiff made an appointment with Dr. Lee, his primary care physician. Plaintiff saw Dr. Lee on December 9th, with the rash and his flu-like symptoms. Dr. Lee advised Plaintiff that it could be the beginning of cellulitis. Dr. Lee took Plaintiff's blood and sent it for testing to Shiel on a regular, non-rushed basis.

Shiel documented receiving the specimen at 11:05 PM on December 9. In their system, it documents that at 3:16 AM on December 10th, the white blood cell test was approved and released and the results were available by 4:55 AM to Dr. Lee on their portal titled LabCare. Shiel alleges that Dr. Lee was registered for LabCare and would have received a pop-up notification on their computer stating that critical results had come in. Dr. Lee claims to not know what LabCare is. At 1:24 PM on December 10th, Shiel alleges that they called Dr. Lee and advised Paul Lee, Dr. Lee's office manager, that Plaintiff's white blood cell count was at a critical count of 22.8. Shiel then sent their test results to a printer via facsimile in Dr. Lee's office with a cover page stating that the report contained critical results at both 1:24 PM and 7:48 PM, according to their records. These were both a common practice of delivering results from Shiel which Dr. Lee testified to.

Dr. Lee stated in his testimony that traditionally in his practice when lab results were received, Paul Lee would receive them and place them on his desk where Dr. Lee would look over them at the end of the workday. Dr. Lee stated that during the workday he does not like to be interrupted with test results, however, if they were critical such as these results they would require immediate attention. Paul Lee stated in his testimony that if critical results came in from Shiel, he would interrupt Dr. Lee during the workday. Paul Lee testified that he could not remember the events of December 11th, stating that he did not recall a phone call from the lab regarding the

Plaintiff or a report that said critical test results. Dr. Lee testified that he did not become aware of Plaintiff's test results until he saw them on his desk around 7:00 PM. Dr. Lee then called Plaintiff and told him to go to an emergency room.

When Plaintiff went to the emergency room, he was diagnosed with Fournier's Gangrene, a serious, painful, and fast spreading infection on the scrotum. Plaintiff needed to have upwards of five surgical interventions and multiple skin grafts, among other treatment.

## DISCUSSION

On a motion for summary judgment to dismiss a medical malpractice cause of action, a defendant has the prima facie burden of establishing that there was no departure from good and accepted medical practice, or, if there was a departure, the departure was not the proximate cause of the alleged injuries. *Brinkley v. Nassau Health Care Corp.*, 120 A.D.3d 1287 (2d Dept. 2014); *Stukas v Streiter*, 83 AD3d 18, 24-26 (2d Dept. 2011). Once the defendant has made such a showing, the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the prima facie showing made by the defendant, so as to demonstrate the existence of a triable issue of fact. *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (1986); *Brinkley v. Nassau Health Care Corp.*, supra; *Fritz v. Burman*, 107 A.D.3d 936, 940 (2d Dept. 2013); *Lingfei Sun v. City of New York*, 99 AD3d 673, 675 (2d Dept. 2012); *Bezerman v. Bailine*, 95 AD3d 1153, 1154 (2d Dept. 2012); *Stukas v. Streiter*, at 24. A plaintiff succeeds in a medical malpractice action by showing that a defendant deviated from accepted standards of medical practice and that this deviation proximately caused plaintiff injury. *Contreras v Adeyemi*, 102 AD3d 720, 721 (2d Dept. 2013); *Gillespie v New York Hosp. Queens*, 96 A.D.3d 901, 902 (2d Dept. 2012); *Semel v Guzman*, 84 AD3d 1054, 1055-56 (2d Dept. 2011). The plaintiff opposing a defendant physician's motion for summary judgment

must only submit evidentiary facts or materials to rebut the defendant's prima facie showing. *Stukas*, at 24.

## SHIEL LABORATORY'S MOTION FOR SUMMARY JUDJMENT

Defendants SHIEL HOLDINGS, LLC i/s/h/a BIM MEDICAL, INC. d/b/a SHIEL MEDICAL LABORATORY, INC. and BIM MEDICAL, INC. d/b/a SHIEL LABORATORY, INC.'s motion was unopposed by the plaintiff. Defendants, ALLEN L. LEE and ALLEN L. LEE, MD, P.C., opposed the motion, however there were no cross claims filed by Dr. Lee against Shiel. Dr. Lee did not move for leave to amend to add any cross claims. The Court finds that Dr. Lee lacks standing to oppose the summary judgment motion by Shiel. While there is a lack of authority in New York State regarding standing of a co-defendant to oppose another defendant's summary judgment motion when the plaintiff does not oppose the motion, and there are no cross claims, there are federal cases which discuss the issue. In *Blonder v. Casco Inn Residential Care, Inc.* 2000 WL 761895 (D. Me. May 4, 2000), the court discusses Federal Rule of Civil Procedure 56, which governs summary judgment motions, and finds that the rule "is intended to avoid trial when appropriate and to bring about summary justice whenever legally proper. Requiring Plaintiff to prosecute her claims against Defendants ....when she no longer believes such claims to be viable would be contrary to the principle of Rule 56 that trials (or portions thereof) should be avoided when appropriate. Requiring Defendants ....to endure such a trial would be contrary to the principle of Rule 56 that the Court should bring about summary justice whenever legally proper." *Id.* at *1. *See also Thurman v. Wood Group Production Services, Inc., 2010 WL 5207587, at *1 (E.D.La. Dec.14, 2010); Eckert v. City of Sacramento, 2009 WL 3211278, at *3 (E.D.Cal. Sept.30, 2009).* While New York State courts are not governed by the Federal Rules of Civil Procedure, the rationale behind the rules for summary judgment in New York State are similar. To force a

[* 4]

plaintiff to continue a trial against a defendant that they no longer believe they have a case against is wasteful of court resources and money. Co-defendant Dr. Lee has cited no authority to support their standing to oppose the motion for summary judgment by Shiel. Without standing to oppose the motion, the Court will not consider the opposition filed by Dr. Lee. Therefore, the motion for summary judgment by Shiel is granted.

## CONCLUSION

The motion for summary judgment by SHIEL HOLDINGS, LLC i/s/h/a BIM MEDICAL, INC. d/b/a SHIEL MEDICAL LABORATORY, INC. and BIM MEDICAL, INC. d/b/a SHIEL LABORATORY, INC. is granted as unopposed. The Clerk of the Court is directed to enter Judgment accordingly. The caption shall be amended as follows:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ROBERT PRIZZI,

Plaintiff,

-against-

ALLEN L. LEE, ALLEN L.LEE, MD, P.C., and
MAIMONIDES MEDICAL CENTER,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

2023 DEC 22 A 9: 21
KINGS COUNTY CLERK
FILED

ENTER,

J.S.C.

HON. ELLEN M. SPODEK

[* 5]