JAMES MICHAEL WALKER, Appellant, v SAINT VINCENT CATHOLIC MEDICAL CENTERS, Defendant, and NOEL E. BLACKMAN, Respondent. [979 NYS2d 697]—

In an action to recover damages for medical malpractice and for lack of informed consent, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered March 19, 2010, as granted the cross motion of the defendant Noel E. Blackman for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant Noel E. Blackman which was for summary judgment dismissing the second cause of action insofar as asserted against him, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The defendant Noel E. Blackman met his prima facie burden of establishing his entitlement to judgment as a matter of law dismissing the cause of action to recover damages for medical malpractice insofar as asserted against him by submitting the affidavit of his expert, which demonstrated that surgery performed upon the plaintiff was undertaken in accordance with good and accepted standards of medical practice (*see Poter*

*v Adams*, 104 AD3d 925, 926 [2013]; *Olgun v Cipolla*, 82 AD3d 1186, 1187 [2011]; *Smith-Johnson v Gabbur*, 65 AD3d 1122, 1124 [2009]; *Dandrea v Hertz*, 23 AD3d 332 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of his expert was conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice and, thus, was insufficient to defeat summary judgment (*see Heller v Weinberg*, 77 AD3d 622, 623 [2010]; *Shectman v Wilson*, 68 AD3d 848, 849 [2009]; *Sheenan-Conrades v Winifred Masterson Burke Rehabilitation Hosp.*, 51 AD3d 769, 770 [2008]).

However, "lack of informed consent is a distinct cause of action requiring proof of facts not contemplated by an action based merely on allegations of negligence" (*Jolly v Russell*, 203 AD2d 527, 528 [1994]). A cause of action premised on a lack of informed consent "is meant to redress a 'failure of the person providing the professional treatment or diagnosis to disclose to the patient such alternatives thereto and the reasonably foreseeable risks and benefits involved as a reasonable medical . . . practitioner under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation' " (*Karlin v IVF Am.*, 93 NY2d 282, 292 [1999], quoting Public Health Law § 2805-d [1]). Thus, "[t]o establish a cause of action [to recover damages] for malpractice based on lack of informed consent, [a] plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (*Spano v Bertocci*, 299 AD2d 335, 337-338 [2002] [internal quotation marks omitted]; *see Khosrova v Westermann*, 109 AD3d 965, 966 [2013]).

Here, Blackman failed to submit proof sufficient to establish his prima facie entitlement to judgment as a matter of law dismissing the second cause of action, which sought damages for medical malpractice premised on lack of informed consent, insofar as asserted against him. Contrary to Blackman's contentions, the fact that the plaintiff signed a consent form does not establish Blackman's entitlement to judgment as a matter of law (*see Kozlowski v Oana*, 102 AD3d 751, 753 [2013]; *Wilson-Toby v Bushkin*, 72 AD3d 810, 811 [2010]; *Rezvani v Somnay*,

65 AD3d 537, 538-539 [2009]). The consent form signed by the plaintiff was generic, and aside from a handwritten notation that the plaintiff was consenting to "right inguinal hernia repair," it did not contain any details about the operation. The form did not disclose the risks specific to the hernia repair operation, or alternatives to that operation (*see Kozlowski v Oana*, 102 AD3d at 753). Furthermore, the affidavit of Blackman's expert made only conclusory averments that Blackman met the standard of care in obtaining the plaintiff's informed consent, "in that risks and benefits were discussed and a consent form was signed." The expert failed to aver that the consent form complied with the prevailing standard for such disclosures applicable to reasonable practitioners performing the same kind of surgery. Still further, Blackman failed to establish that a reasonably prudent person in the plaintiff's position would not have declined to undergo the procedure if he or she had been fully informed (*see Muniz v Katlowitz*, 49 AD3d 511, 513 [2008]; *Haggerty v Wyeth Ayerst Pharms.*, 11 AD3d 511, 512-513 [2004]; *Baez v Lockridge*, 259 AD2d 573 [1999]).

Since Blackman failed to establish his prima facie entitlement to judgment as a matter of law, that branch of his cross motion which was for summary judgment dismissing the second cause of action insofar as asserted against him should have been denied, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Kozlowski v Oana*, 102 AD3d at 753). Mastro, J.P., Rivera, Sgroi and Cohen, JJ., concur.