Kadanoff v Whitlow (2020 NY Slip Op 08052)





Kadanoff v Whitlow


2020 NY Slip Op 08052


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-07499
 (Index No. 507798/13)

[*1]Jacqueline Kadanoff, et al., respondents, 
v
Michael B. Whitlow, etc., appellant, et al., defendants.


Martin Clearwater & Bell LLP, New York, NY (Gregory A. Cascino, Rosaleen T. McCrory, and Matthew M. Frank of counsel), for appellant.
Alan Ripka & Associates, LLP (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, etc., the defendant Michael B. Whitlow appeals from an order of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated April 23, 2018. The order denied the motion of the defendant Michael B. Whitlow for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
On February 6, 2013, the plaintiff Jacqueline Kadanoff (hereinafter the plaintiff) presented for dermatology care at the defendant FBJ Associates, Inc., complaining of a small bump on the back of her neck. The defendant physician Michael B. Whitlow concluded that the bump was a suspected cyst, and a removal surgery was scheduled. The plaintiff alleges that the bump disappeared before the scheduled surgery and that when she telephoned Whitlow to inform him, he told her to come in for surgery anyway. On February 27, 2013, Whitlow excised what he believed to be a cyst. Subsequent pathology, however, disclosed that he had removed a lymph node. The plaintiff alleges that she began experiencing pain immediately after the procedure and that she suffered nerve pain and damage as a result of the procedure.
The plaintiff, and her husband suing derivatively, commenced this action to recover damages for alleged medical malpractice and lack of informed consent. Whitlow moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated April 23, 2018, the Supreme Court denied the motion. Whitlow appeals.
The elements of a medical malpractice cause of action are "that the physician deviated or departed from accepted community standards of practice, and that such a departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23). A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324), with respect to at least one of those elements (see DiLorenzo v Zaso, 148 AD3d 1111, 1112; Cham v St. Mary's Hosp. of Brooklyn, 72 AD3d 1003, 1004). When opposing a motion for summary judgment in a medical malpractice action, a plaintiff needs "only to rebut the moving defendant's prima facie showing" (Stukas v [*2]Streiter, 83 AD3d at 23).
Here, Whitlow demonstrated his prima facie entitlement to judgment as a matter of law by submitting an expert opinion establishing that he did not depart from accepted community standards of practice in excising the lump on the plaintiff's neck. Therefore, the burden shifted to the plaintiff to raise a triable issue of fact on that issue (see Alvarez v Prospect Hosp., 68 NY2d at 324; Stukas v Streiter, 83 AD3d at 25-26).
In opposition to the motion, the plaintiff raised a triable issue of fact as to whether Whitlow departed from accepted standards of medical practice by, inter alia, performing an unnecessary procedure on the plaintiff (see Moyer v Roy, 152 AD3d 1188, 1190; Taylor v Nyack Hosp., 18 AD3d 537, 538; Vega v Mount Sinai-NYU Med. Ctr. & Health Sys., 13 AD3d 62, 63; Dunlop v Sivaraman, 272 AD2d 570, 570; Lipsius v White, 91 AD2d 271, 277-278).
In addition, the opinion of Whitlow's expert that the excision procedure would not have caused the injuries claimed by the plaintiff was conclusory and insufficient to demonstrate the absence of triable issues of fact, and, thus, the burden never shifted to the plaintiff on the issue of causation (see Pullman v Silverman, 28 NY3d 1060, 1063; Stiso v Berlin, 176 AD3d 888, 890).
Accordingly, we agree with the Supreme Court's determination denying that branch of Whitlow's motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against him.
We also agree with the Supreme Court's determination denying that branch of Whitlow's motion which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against him. The fact that the plaintiff signed a generic consent form does not establish Whitlow's entitlement to judgment as a matter of law (see Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d 669, 670; Kozlowski v Oana, 102 AD3d 751, 753). Further, the affirmation of Whitlow's expert failed to aver that the consent form complied with the prevailing standard for such disclosures applicable to reasonable practitioners performing the same type of procedure, and failed to assert that a reasonably prudent person in the plaintiff's position would not have declined to undergo the procedure if he or she had been fully informed (see Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d at 671; Muniz v Katlowitz, 49 AD3d 511, 513). Finally, the evidence submitted by Whitlow in support of his motion "presented triable issues of fact as to whether [Whitlow] informed the plaintiff about the procedure, the alternatives thereto, and the reasonably foreseeable risks and benefits of the proposed treatment and the alternatives" (Chan v Toothsavers Dental Care, Inc., 125 AD3d 712, 714).
Accordingly, we affirm the order denying Whitlow's motion for summary judgment dismissing the complaint insofar as asserted against him.
MASTRO, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court