Hall v Bolognese (2022 NY Slip Op 06692)

Hall v Bolognese

2022 NY Slip Op 06692

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2018-13192
2018-13730
2019-03191
 (Index No. 602579/15)

[*1]Darla Hall, appellant, et al., plaintiff,
v
Paolo A. Bolognese, etc., et al., respondents.

Lieff Cabraser Heimann & Bernstein, LLP, New York, NY (Wendy R. Fleishman and Daniel Leathers of counsel), for appellant.
Martin Clearwater & Bell LLP, East Meadow, NY (Gregory A. Cascino, Rosaleen T. McCrory, Daniel L. Freidlin, and Ryan T. Cox of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff Darla Hall appeals from (1) an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered October 24, 2018, (2) a judgment of the same court entered November 13, 2018, and (3) an order of the same court entered January 30, 2019. The order entered October 24, 2018, insofar as appealed from, granted those branches of the defendants' motion which were, in effect, pursuant to CPLR 3211(a)(5) to dismiss, as time-barred, so much of the complaint as was based upon treatment provided to the plaintiff Darla Hall prior to October 24, 2012, insofar as asserted by the plaintiff Darla Hall against the defendants Paolo A. Bolognese, North Shore University Hospital, and North Shore-Long Island Jewish Health System, Inc., and for summary judgment dismissing the complaint insofar as asserted by the plaintiff Darla Hall against those defendants. The judgment, insofar as appealed from, upon the order entered October 24, 2018, is in favor of the defendants Paolo A. Bolognese, North Shore University Hospital, and North Shore-Long Island Jewish Health System, Inc., and against the plaintiff Darla Hall dismissing the complaint insofar as asserted by that plaintiff against them. The order entered January 30, 2019, insofar as appealed from, denied that branch of the plaintiffs' motion which was, in effect, for leave to renew their opposition to that branch of the defendants' prior motion which was, in effect, pursuant to CPLR 3211(a)(5) to dismiss, as time-barred, so much of the complaint as was based upon treatment provided to the plaintiff Darla Hall prior to October 24, 2012, insofar as asserted by the plaintiff Darla Hall against the defendants Paolo A. Bolognese, North Shore University Hospital, and North Shore-Long Island Jewish Health System, Inc., and denied that branch of the plaintiffs' separate motion which was pursuant to CPLR 5015(a) to vacate so much of the judgment as was in favor of the defendants Paolo A. Bolognese, North Shore University Hospital, and North Shore-Long Island Jewish Health System, Inc., and against the plaintiff Darla Hall dismissing the complaint insofar as asserted by that plaintiff against them.
ORDERED that the appeal from the order entered October 24, 2018, is dismissed; and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, those branches of the defendants' motion which were, in effect, pursuant to CPLR 3211(a)(5) to dismiss, as time-barred, so much of the complaint as was based on treatment provided to the plaintiff Darla Hall prior to October 24, 2012, insofar as asserted by the plaintiff Darla Hall against the defendants Paolo A. Bolognese, North Shore University Hospital, and North Shore-Long Island Jewish Health System, Inc., and for summary judgment dismissing the complaint insofar as asserted by the plaintiff Darla Hall against those defendants are denied, the complaint insofar as asserted by the plaintiff Darla Hall against those defendants is reinstated, and the order entered October 24, 2018, is modified accordingly; and it is further,
ORDERED that the appeal from the order entered January 30, 2019, is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The appeal from the order entered October 24, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a]; Matter of Aho, 39 NY2d at 248).
In April 2015, the plaintiff Darla Hall (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action against the defendants, inter alia, to recover damages for medical malpractice and lack of informed consent. The plaintiffs alleged, among other things, that in October 2007 the injured plaintiff presented to the defendant Chiari Institute (hereinafter TCI), an unincorporated entity of the defendant North Shore-Long Island Jewish Health System, Inc. (hereinafter North Shore-LIJ), with complaints of head and neck pain, at which time she was misdiagnosed as suffering from Chiari I malformation, Ehlers Danlos Syndrome, tethered cord syndrome, cervical syringomyelia, and possible craniocervical instability. The plaintiffs further alleged that, as a result of the misdiagnoses, the injured plaintiff was wrongly induced by physicians at TCI, including the defendant Paolo A. Bolognese, to undergo five unnecessary surgical procedures to her brain and spine at the defendant North Shore University Hospital between May 7, 2008, and November 6, 2012, and that those surgeries were performed improperly and without her informed consent. Following discovery, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted by the injured plaintiff against Bolognese, North Shore-LIJ, and North Shore University Hospital (hereinafter collectively the North Shore defendants), and, in effect, pursuant to CPLR 3211(a)(5) to dismiss, as time-barred, so much of the complaint as was based on treatment provided to the injured plaintiff prior to October 24, 2012, insofar as asserted by the injured plaintiff against the North Shore defendants. In an order entered October 24, 2018, the Supreme Court, among other things, granted those branches of the defendants' motion. On November 13, 2018, a judgment was entered, inter alia, dismissing the complaint insofar as asserted by the injured plaintiff against them. Thereafter, the plaintiffs moved, among other things, in effect, for leave to renew their opposition to that branch of the defendants' prior motion which was, in effect, pursuant to CPLR 3211(a)(5) to dismiss, as time-barred, so much of the complaint as was based on treatment provided to the injured plaintiff prior to October 24, 2012, insofar as asserted by the injured plaintiff against the North Shore defendants. The plaintiffs subsequently moved, inter alia, pursuant to CPLR 5015(a) to vacate so much of the judgment as dismissed the complaint insofar as asserted by the injured plaintiff against those defendants. In an order entered January 30, 2019, the court denied both motions. The injured plaintiff appeals.
The Supreme Court erred in granting that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211(a)(5) to dismiss, as time-barred, so much of the complaint as was based on treatment provided to the injured plaintiff prior to October 24, 2012, insofar as asserted by the injured plaintiff against the North Shore defendants. Actions asserting causes of action alleging medical malpractice and lack of informed consent "'must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, [*2]omission or failure'" (Chvetsova v Family Smile Dental, 202 AD3d 657, 658, quoting Wright v Southampton Hosp., 187 AD3d 1242, 1244 [internal quotation marks omitted]). "A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired" (Osborn v DeChiara, 165 AD3d 1270, 1271; see CPLR 214-a). The burden then shifts to the plaintiff to present evidence raising a question of fact as to whether the action falls within an exception to the statute of limitations or whether the continuous treatment doctrine applies to toll the statute of limitations (see Osborn v DeChiara, 165 AD3d at 1271-1272).
Here, the defendants met their prima facie burden of demonstrating that the time within which to commence an action based on claims accruing prior to October 24, 2012, had expired when this action was commenced on April 24, 2015 (see CPLR 214-a; Osborn v DeChiara, 165 AD3d 1270). However, in opposition, the plaintiffs raised a question of fact as to whether the continuous treatment doctrine tolled the statute of limitations for those claims (see CPLR 214-a; Cox v Kingsboro Med. Group, 88 NY2d 904; Borgia v City of New York, 12 NY2d 151, 157). "The continuous treatment doctrine tolls the statute of limitations for a medical malpractice action when, inter alia, the plaintiff demonstrates that he or she continued to seek, and in fact obtained from the defendant physician during the relevant period, an actual course of treatment, denoted by affirmative and ongoing conduct by the physician such as surgery, therapy, or the prescription of medications" (Schwelnus v Urological Assoc. of L.I., P.C., 94 AD3d 971, 973; see Wright v Southampton Hosp., 187 AD3d 1242). Thus, continuous treatment may be found when a plaintiff "returns to the doctor because of continued pain in that area for which medical attention was first sought" (McDermott v Torre, 56 NY2d 399, 406; see Hillary v Gerstein, 178 AD3d 674, 676). Here, the plaintiffs demonstrated that, continuing until at least October 23, 2014, the injured plaintiff repeatedly sought treatment at TCI for ongoing and sometimes increasing symptoms relating to her original complaints of head and neck pain, and that in furtherance of the treatment for those complaints, the physicians at TCI prescribed the injured plaintiff courses of treatment which included physical therapy, pain management, and the use of a cervical collar, and ordered diagnostic examinations such as testing and imaging (see Massie v Crawford, 78 NY2d 516; Flaherty v Kantrowich, 144 AD3d 542; Cherise v Braff, 50 AD3d 724; Mandel v Herrmann, 271 AD2d 661). Although at times several months passed in between the injured plaintiff's appointments at TCI, the plaintiffs' evidence raised questions of fact as to whether the injured plaintiff and the physicians at TCI anticipated that the injured plaintiff's treatment would continue (see Richardson v Orentreich, 64 NY2d 896, 899). Accordingly, the Supreme Court improperly granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211(a)(5) to dismiss, as time-barred, so much of the complaint as was based on treatment provided to the injured plaintiff prior to October 24, 2012, insofar as asserted by the injured plaintiff against the North Shore defendants.
The Supreme Court also erred in granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the injured plaintiff against the North Shore defendants. "In order to establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries" (Keun Young Kim v Lenox Hill Hosp., 156 AD3d 774, 774-775 [internal quotation marks omitted]). "'On a motion for summary judgment, a defendant has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby'" (Kerrins v South Nassau Communities Hosp., 148 AD3d 795, 796, quoting Leavy v Merriam, 133 AD3d 636, 637; see Nisanov v Khulpateea, 137 AD3d 1091, 1093). "Once the defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden" (Guctas v Pessolano, 132 AD3d 632, 633). "'Summary judgment is not appropriate . . . [when] the parties [submit] conflicting medical expert opinions' because '[s]uch conflicting expert opinions will raise credibility issues which can only be resolved by a jury'" (Cummings v Brooklyn Hosp. Ctr., 147 AD3d 902, 904, quoting DiGeronimo v Fuchs, 101 AD3d 933, 936; see Elmes v Yelon, 140 AD3d 1009; Leto v Feld, 131 AD3d 590).
Here, the defendants established their prima facie entitlement to judgment as a matter [*3]of law dismissing the medical malpractice cause of action insofar as asserted by the injured plaintiff against the North Shore defendants by submitting, among other things, the expert affidavit of a board-certified neurosurgeon, who opined within a reasonable degree of medical certainty that all treatment, procedures, and surgeries performed by the physicians at TCI "were indicated based on [the injured plaintiff's] history, clinical presentation, and imaging [studies]," and that all treatment, procedures, and surgeries were "performed properly and in accordance with the standard of care." The defendants' expert further opined that none of the procedures or surgeries performed were a proximate cause of the injured plaintiff's claimed injuries, and that the injured plaintiff's neurological decline was the result of her underlying conditions, and was unrelated to the surgeries performed by the physicians at TCI.
In opposition, however, the plaintiffs raised triable issues of fact through the submission of an unsworn affidavit of a board-certified neurosurgeon. Although the unsworn affidavit of the plaintiffs' expert does not constitute competent evidence to oppose a motion for summary judgment (see CPLR 2106; Nelson v Lighter, 179 AD3d 933), the defendants failed to object to the unsworn affidavit on this ground in the Supreme Court and, therefore, any deficiency in the submission has been waived (see Lefkowitz v Kelly, 170 AD3d 1148, 1150). The plaintiffs' expert opined, inter alia, that the North Shore defendants deviated from the standard of care in diagnosing and surgically treating the injured plaintiff, which proximately caused her injuries (see DiLorenzo v Zaso, 148 AD3d 1111). Contrary to the court's conclusion, the expert's opinion was not so conclusory or speculative, nor without basis in the record, as to render it inadmissible (see Lugo v New York City Health & Hosps. Corp., 89 AD3d 42, 63; Erbstein v Savasatit, 274 AD2d 445). Rather, the expert's opinion was properly based upon evidence in the record, including diagnostic reports and imaging taken both prior to and after the injured plaintiff's diagnoses (see Kadanoff v Whitlow, 189 AD3d 1569). Moreover, the plaintiffs' expert adequately demonstrated his qualification to render an opinion as an expert in the field of neurosurgery (see DiLorenzo v Zaso, 148 AD3d 1111; Walsh v Brown, 72 AD3d 806, 807).
In addition, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent insofar as asserted by the injured plaintiff against the North Shore defendants (see Public Health Law § 2805-d[1]; Karlin v IVF Am., 93 NY2d 282, 292; Lavi v NYU Hosps. Ctr., 133 AD3d 830, 832). "[T]he fact that the [injured] plaintiff signed a [generic] consent form does not establish [the defendants'] prima facie entitlement to judgment as a matter of law" dismissing this cause of action insofar as asserted against the North Shore defendants (Walker v Saint Vincent Catholic Medical Centers, 114 AD3d 669, 670). Furthermore, the transcripts of the deposition testimony of the injured plaintiff and of the physicians at TCI, submitted by the defendants in support of their motion, did not establish that the injured plaintiff was given sufficient information on the risks and alternatives regarding the materials used and the procedures performed. As such, the defendants failed to establish that a reasonably prudent person in the injured plaintiff's position would not have declined to undergo the procedures if she or he had been fully informed of the risks and alternatives regarding the materials used and the procedures performed (see Public Health Law § 2805-d[3]; Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d 669).
The defendants also failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted by the injured plaintiff against North Shore-LIJ on the ground that the physicians at TCI were not employees of North Shore-LIJ (see Fiorentino v Wenger, 19 NY2d 407, 414).
Accordingly, the Supreme Court erred in granting those branches of the defendants' motion which were, in effect, pursuant to CPLR 3211(a)(5) to dismiss, as time-barred, so much of the complaint as was based on treatment provided to the injured plaintiff prior to October 24, 2012, insofar as asserted by the injured plaintiff against the North Shore defendants, and for summary judgment dismissing the complaint insofar as asserted by the injured plaintiff against those defendants.
CONNOLLY, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court