Rymer v Bernstein (2026 NY Slip Op 00273)

Rymer v Bernstein

2026 NY Slip Op 00273

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-03260
 (Index No. 707079/19)

[*1]Tracy Moore Rymer, appellant,
vSteven Bernstein, etc., respondent.

Larry Charles Miller, New York, NY, for appellant.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., New York, NY (Laurie DiPreta of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered February 16, 2023. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for lack of informed consent.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for lack of informed consent is denied.
In April 2019, the plaintiff commenced this action to recover damages for medical malpractice and lack of informed consent. The plaintiff alleged, inter alia, that, in addition to certain reconstructive work on her foot and ankle, the defendant performed an unnecessary bunionectomy without her informed consent. Following discovery, the defendant moved, among other things, for summary judgment dismissing the cause of action to recover damages for lack of informed consent. In an order entered February 16, 2023, the Supreme Court, inter alia, granted that branch of the defendant's motion. The plaintiff appeals.
"To establish a cause of action to recover damages based upon lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury'" (Cox v Herzog, 192 AD3d 757, 758, quoting Gilmore v Mihail, 174 AD3d 686, 688). Thus, "a defendant can establish entitlement to summary judgment by demonstrating that the plaintiff signed a detailed consent form after being apprised of alternatives and foreseeable risks, by demonstrating that a reasonably prudent person in the plaintiff's position would not have declined to undergo the surgery, or by demonstrating that the actual procedure performed for which there was no informed consent was not a proximate cause of the injury" (Pirri-Logan v Pearl, 192 AD3d 1149, 1151). "If the defendant makes such a showing, the [*2]burden then shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof" (Armond v Strangio, 227 AD3d 758, 759).
Here, the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent (see Hall v Bolognese, 210 AD3d 958, 964). "The mere fact that the plaintiff signed a consent form does not establish the defendant['s] prima facie entitlement to judgment as a matter of law" (Mattocks v Ellant, 231 AD3d 813, 817 [internal quotation marks omitted]), and the defendant's submissions, including a transcript of the plaintiff's deposition testimony, did not establish that the plaintiff was given sufficient information on the risks and alternatives regarding the materials used and the procedures performed (see Hall v Bolognese, 210 AD3d at 964). Furthermore, the defendant failed to establish, prima facie, that the procedure performed for which there was no informed consent was not a proximate cause of the plaintiff's injury.
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for lack of informed consent (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of the foregoing, we need not consider the parties' remaining contentions.
BARROS, J.P., CHRISTOPHER, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court