J.N. v Vyskocil
2026 NY Slip Op 03174
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

J.N., etc., et al., appellants,
v
Christine R. Vyskocil, et al., respondents, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2022-02707, (Index No. 59740/17)
Angela G. Iannacci, J.P.
Linda Christopher
Barry E. Warhit
Carl J. Landicino, JJ.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn, Lauren E. Bryant, and Ross Friscia], of counsel), for appellants.
Heidell, Pittoni, Murphy & Bach LLP, White Plains, NY (Daniel S. Ratner and Greg Freedman of counsel), for respondents.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated March 11, 2022. The order, insofar as appealed from, granted the motion of the defendants Christine R. Vyskocil and Westmed Medical Group for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Christine R. Vyskocil and Westmed Medical Group for summary judgment dismissing the complaint insofar as asserted against them is denied.
The infant plaintiff, by his mother and natural guardian, and his mother suing individually, commenced this action against, among others, the defendants Westmed Medical Group (hereinafter Westmed) and Christine R. Vyskocil (hereinafter together the defendants), alleging, inter alia, medical malpractice related to the birth of the infant plaintiff. The plaintiffs alleged, among other things, that during the delivery of the infant plaintiff, Vyskocil, who was associated with Westmed, failed to properly anticipate and respond to certain complications, which caused injuries to the infant plaintiff. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated March 11, 2022, the Supreme Court, inter alia, granted the defendants' motion. The plaintiffs appeal.
"A defendant physician seeking summary judgment dismissing a medical malpractice cause of action must make a prima facie showing either that there was no departure from good and accepted medical practice or that the plaintiff was not injured by any such departure" (Cozine v Maimonides Med. Ctr., 241 AD3d 1428, 1428-1429; see Spellman v Ginzburg, 241 AD3d 588, 588). "Where a defendant makes such a prima facie showing, the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact" (Spellman v Ginzburg, 241 AD3d at 588). "'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Autieri v Rosen, 241 AD3d 1228, 1229 [internal quotation marks omitted], quoting Gilmore v Mihail, 174 AD3d 686, 687).
Here, in opposition to the defendants' prima facie showing that Vyskocil did not depart from the accepted standard of care and did not proximately cause the alleged injuries, the plaintiffs raised a triable issue of fact. The plaintiffs submitted an affirmation of an expert physician who opined, among other things, that Vyskocil departed from the accepted standard of care and proximately caused certain alleged injuries (see Clinkscales v Tostanoski, 241 AD3d 773, 777; Hall v Bolognese, 210 AD3d 958, 964). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
IANNACCI, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court